THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COM-
PANY V. ADAM MILLER.

1. WITNESSES, *Not Experts, May Testify to What.* Witnesses not shown
to be experts may nevertheless testify to facts, although such facts
appear to be opinions or conclusions of facts, if the subject-matter
to which their testimony relates cannot be reproduced or described
to the jury as it appeared to the witnesses at the time of its occur-
rence, and such opinions are founded upon facts such as men in
general are capable of comprehending and understanding.

2. RAILROAD COMPANY — *Duty to Construct Safe Crossings.* Where a
railroad is constructed across a public highway, it is the duty of the
railroad company to construct such road-crossings and approaches
thereto so as not to materially impair its usefulness; and where stock
are killed at such public road-crossing, which injury is claimed to
have been caused by reason of a defective crossing, and the court
instructs the jury that it is the duty of the company to construct
good, sufficient and safe crossings, *held*, such instruction not error.

3. INSTRUCTIONS, *Not Founded on Proper Pleadings and Evidence; Im-
material Error.* Where evidence at a trial is admitted upon which
instructions are given to the jury, both evidence and instructions
being competent if founded upon proper pleadings, but no such is-
sue is raised by the pleadings, *held*, that such evidence and instruc-
tions are erroneous; but *further held*, that where from the whole
record such evidence and instructions do not seem to have influenced
or affected the verdict, such error is not sufficient to require a reversal
of the case.

*Error from Lyon District Court.*

ACTION brought by *Miller* against *The Atchison, Topeka &*
*Santa Fé Railroad Company*, to recover the value of three
head of cattle which he alleged were killed by the negligence
of the defendant in the operation of its trains. Trial at the
February term, 1887, and verdict and judgment for the plain-
tiff for $120 damages, and $285.45 costs. The defendant
company brings the case here.

*Geo. R. Peck, A. A. Hurd,* and *J. G. Egan,* for plaintiff
in error.

*Cunningham & McCarty,* for defendant in error.

Opinion by CLOGSTON, C.: This was an action to recover for the loss of three head of cattle killed by the defendant in the operation of its road. The injury complained of occurred on a highway where it crossed the defendant's track, the land on either side of the highway and the railroad being fenced. The only controversy is as to the liability of the company for the killing of one heifer, no error being alleged as to the recovery for the other two animals. The record shows that on August 7, 1884, the defendant's west-bound passenger train ran into a herd of cattle belonging to the plaintiff, and knocked one heifer off the track, from which injury she died. The negligence sought to be shown against the railroad company was, first, that no whistle was sounded at the whistling-post, eighty rods east of the crossing; second, that no attempt was made to stop the train after the heifer went upon the track; third, that the approaches to the crossing were improperly constructed by making the roadway too narrow, and that the cattle-guards were placed in the roadway, thereby reducing the width of the crossing and making said roadway and crossing more difficult of passage for the plaintiff's cattle. The injury complained of was witnessed by two persons, a Mr. Mason and a Mrs. Jennings, both of them being about a quarter of a mile from the crossing. These witnesses testified that the whistle was not sounded, and that they were satisfied that it was not; that they were in a position to have heard it if it had been sounded. This evidence was admitted over the objection of the defendant. Defendant now insists that this evidence was erroneously admitted, for the reason that it called for the opinions of the witnesses, or for conclusions and not facts; that where once the situation of the parties is shown, the distance and surrounding circumstances, it is then for the jury to determine whether or not the witnesses could have heard any whistle if one had been sounded. Numerous authorities have been cited to support this theory, but upon examination we are of the opinion that they are not applicable to the facts of this case. The testimony objected to, in

our opinion, is more in the statements of the facts than in the opinions of the witnesses. It is true that these facts are based upon the judgment and observation of the witnesses, but they are such observations as are made by men of ordinary intelligence, without any special knowledge, learning, or skill; but

1. Witnesses, not experts, may testify to what.

even if it was the opinion of the witness and not a fact about which he was testifying, still we think it was such an opinion as falls within the exception to the general rule. The very nature of the circumstances about which they were testifying, with the surroundings, condition of the atmosphere, wind, organs of hearing, obstructions, and a host of other incidents, could not be portrayed to a jury in such a manner as to enable them to draw a conclusion from the facts. It was said in *Commonwealth v. Sturtivant*, 117 Mass. 133 :

"The exception to the general rule that witnesses cannot give opinions, is not confined to the evidence of experts testifying on subjects requiring special knowledge, skill, or learning, but includes the evidence of common observers, testifying to the results of their observation made at the time in regard to common appearances or facts, and a condition of things which cannot be reproduced and made palpable to a jury."

So also in *The State v. Shinborn*, 46 N. H. 501, it was held to be —

"Admissible on the ground that it came within that class of cases where evidence is received from necessity, arising from the impossibility of stating those minute characteristics of appearance, sound, and the like, which, nevertheless, may lead the mind to a satisfactory conclusion, and be reasonably reliable in judicial investigations."

This court also has held, in *City of Parsons v. Lindsay*, 26 Kas. 432, that —

"There are also some exceptions, seemingly founded upon convenience or necessity, and relating to such matters as involve magnitudes or quantities, or portions of time, space, motion, gravitation, or value, and such as involve the condition or appearance of objects, as observed by the witness; and matters which, from their limitless details, and the infirmity of

language and memory, cannot well be stated by the witness, except in the form of an opinion." 

(See also *Parker v. Steamboat Co.*, 109 Mass. 449; *State v. Knapp*, 45 N. H. 148; *Campbell v. State*, 23 Ala. 44; Abb. Tr. Ev. 587.) In the admission of this evidence we see no error.

The second objection urged is to the instruction of the court, which instruction is as follows:

"It is the duty of the company to furnish employés with good and sufficient appliances to the safe operation of their trains, and a failure to furnish their trains with adequate appliances is negligence upon the part of the company; but the omission to do so would make no difference in a case like this, if the accident complained of could not have been prevented even with the best appliances."

This instruction was founded upon the evidence given by the engineer who was in charge of the engine at the time of the injury complained of. He testified that the air-hole was blown off, and for that reason he was unable to use the air-brakes in attempting to stop the train, and that they could only use the ordinary brakes of the train, which required a longer time to bring the train to a stop than if air-brakes were used. But this witness in addition testified that if the train had been equipped with the best air-brakes and appliances, it would have been impossible for him to stop the train in time to prevent the injury. This witness was the only one

3. Instructions, not founded on proper pleadings and evidence; immaterial error.

who testified to any defect in the engine or brakes, and there was no evidence to contradict his testimony; therefore, while perhaps the bill of particulars was not broad enough to have warranted the evidence or the instruction given by the court, where the evidence upon which the instruction was given is not disputed or contradicted, we cannot see how this evidence or instruction could in any manner prejudice the defendant with the jury.

The court also instructed the jury that "It is made the duty — made so by statute — of the railroad company to construct good, sufficient, and safe crossings at all points where a rail-

road crosses a highway." This was complained of for the reason, as urged by the defendant, that it was imposing a duty upon the company not imposed upon it by any statute or regulation in force in this state. The statute makes it the duty of a railroad company to restore the highway intersected by its railroad to its former state, or to such a state as to not unnecessarily impair its usefulness. (Comp. Laws of 1885, ch. 23, § 47.) Other statutes require railroad companies at all crossings of public roads to construct and keep in repair a good and sufficient crossing by securing on each side of the rails a board not less than twelve feet long, not less than ten inches wide and two inches thick, and fill the place with gravel and stone. The evidence shows that at the point of this crossing the track was some eight or ten feet above the level of the surrounding lands, and that the approaches to the crossing were about eight feet wide, and that the cattle-guards were placed some distance in the road, both to the east and west of the crossing, making the cross-way much narrower than that of the public road. The engineer testified that the cattle killed were not seen by him until just as the engine reached the crossing, when they went upon the track, and that the reason why he could not see the cattle was that they were hid by the embankment made by the approach to the road. Other witnesses testified that quite a number of cattle were on the track for some time before the train reached the crossing. The evidence was that the cattle were crossing from one side of the track to the other. The width of the crossing, the distance between cattle-guards, the nature of the embankments, were all given to the jury; and while the language of the instruction followed a statute that has been held by this court to be unconstitutional, yet the duty imposed upon the defendant

2. Duty of railroad company to construct safe crossings.

was to construct at least a reasonably safe crossing. If it failed in this, and the general usefulness of the highway was impaired, and by reason of its impaired usefulness the cattle were prevented from crossing as readily as they otherwise would, the defendant would be liable. This question, we think, was properly sub-

mitted to the jury. And even if we are mistaken in this, yet the evidence in this case shows such other negligence on the part of the defendant, such as failing to whistle at the whistling-post, eighty rods east of the crossing, the fact that the cattle-guards were in the road, and thereby obstructed a part of the public highway, as would have warranted the jury in their verdict, independent of the question as to the condition of the approaches to the crossing. For these reasons we do not believe that the judgment ought to be disturbed, even if the instructions of the court in the last respect were somewhat erroneous. It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.