## ANDERSON v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS.

(Supreme Court of Texas.   June 7, 1911.)

MASTER AND SERVANT (§ 289*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Where a train passed through a switch from the main track without observance of the rule of the company, that in such case the switch should be closed, or a man should be stationed at the switch, one on a hand car, injured by running into the open switch, was not guilty of contributory negligence, as matter of law, in not observing the target, which would have shown the switch was open; the absence of a man from the switch giving notice that it was closed, and his mind and sight being occupied in watching the train.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

On motion for rehearing.   Reversed and remanded for trial.

For former opinion, see 134 S. W. 1175.

Evans & Carpenter, for plaintiff in error.

BROWN, C. J. This court affirmed a judgment of the Court of Civil Appeals, by which that court reversed a judgment of the district court in favor of Anderson and rendered judgment for the railroad company. Upon reconsideration of the case we are of opinion that we erred in our former judgment.

In the former opinion (134 S. W. 1175), in which the writer fully concurred, we said: "We have assumed that a jury might find that the duties of other employés of the defendant required them to keep switches like that in question closed, and the contentions of counsel for plaintiff involve one that the plaintiff had the right to act on the assumption that this duty had been properly performed and that this switch was closed. But what was the purpose for which the switch target and the lookout were required, if it was not to enable those performing such duties as that which the plaintiff undertook to avoid the consequences of a neglect on the part of others."

The evidence is somewhat conflicting upon the application, to the place of the accident, of the rule that required, when a train passed through a switch from the main line, that the switch should be closed; if not closed, then a man should be stationed at a certain point near, and opposite to, the switch. There is no dispute as to the existence of the rule, nor its requirements; neither is there any doubt of the fact that a train had passed through the switch and was standing upon the side track 300 or 400 yards therefrom. The switch was not closed, nor was a man stationed near by.

We will not discuss the facts; but we conclude that the evidence would sustain a finding by the jury that the rule applied to that place, and that the absence of the man justified Anderson in believing that the switch was closed. Anderson was not familiar with the rules which applied to yard limits and the like in the city of Ft. Worth, but knew of the rule in question.

The plaintiff was foreman of a construction gang, and was going with the hand car heavily loaded, and with the men of his gang on it, to do some work beyond the switch. He was going in on the sidetrack on which the train stood, and there were two bridges between the switch and the standing train. He testified that the train was liable to back down to the switch at any time, passing out on the main line, and he was giving his attention to that train, so as to save the hand car from being caught on the bridges where he could not remove it from the track. The jury could have found that, not seeing the man at or near the switch, Anderson relied upon that fact as showing that the switch was closed, and that he gave no further attention to other signals, which indicated that the switch was open. We conclude that a jury might, upon this state of facts, have found that a man of ordinary prudence might

have relied upon the absence of the man as showing that the switch was closed, as the rule required, and, being threatened with a collision with a train running backwards, no further attention would be given to the switch, and that, with his mind and sight so occupied in watching the train, a man of ordinary prudence might have taken no note of the target which indicated that the switch was open. Murphy v. G., H. & N. R. R. Co., 100 Tex. 490, 101 S. W. 439, 9 L. R. A. (N. S.) 762.

In the case cited a hand car with tools and men under the control of Murphy was approaching a station at which a train was standing. The rules of the railroad company required that a train stopped on the main track be protected by a flagman, whose duty it was to place torpedoes upon the track and to remain with them until recalled by a signal that the train was to go on, when he was to take up one of the torpedoes and return to the train. Murphy was sitting on the edge of his hand car with his feet hanging down when the car passed over a torpedo, which exploded and injured his leg. If the flagman had been at his post, Murphy would have been on the lookout for torpedoes; but, seeing no man with a flag, he relied upon that fact as showing that the duty of removing the torpedoes had been performed. We cannot present this view of the facts and law better than was done in the Murphy Case in this extract: "The railroad company having established, by rules promulgated by it, a mode of procedure, under such conditions as existed at the time and place of the accident, Murphy, while discharging his duty, had the right to rely upon the observance of the rules by the trainmen, and to act as if the apparent conditions were real, and, if Murphy was misled by the negligence of the conductor of the freight train and was thereby injured, the railroad company will be liable. International & G. N. Ry. Co. v. Gray, 65 Tex. 32; International & G. N. Ry. Co. v. McVey, 99 Tex. 28, 87 S. W. 328; International & G. N. Ry. Co. v. Woodward [26 Tex. Civ. App. 389] 63 S. W. 1051; Galveston, H. & S. A. Ry. Co. v. Garteiser [9 Tex. Civ. App. 456] 29 S. W. 939."

The railroad company having established the rule above stated, Anderson had the right to rely upon the apparent fact that the switch was closed, as indicated by the absence of the man whose presence would have given notice that it was open, and whose absence gave notice that it was closed. If the switch had been closed, it would have been unnecessary to observe the switch target; and, being led to believe it was closed, Anderson was not guilty of negligence, as a matter of law, in not seeing the target, for he says his mind and sight were occupied in watching the train.

It is ordered that the judgment of the Court of Civil Appeals, rendering judgment against

the plaintiff, Anderson, be reversed, and that this cause be remanded to the district court for trial.