OPPENHEIMER & CO. v. BARR ET AL.

1. **Appeal:** TAKEN TOO LATE: QUESTION NOT RAISED BELOW. The right of appeal is lost if not exercised within the time prescribed by statute; nor can a right be insisted on in this court which was not urged in the court below. See opinion for illustrations.

2. **Evidence:** OF GOOD CHARACTER TO REBUT CHARGE OF FRAUD. Evidence that the character for honesty and integrity of one charged with fraud is good, and that his business standing and credit are good, is not competent to rebut the charge of fraud. (*Stone v. Hawkeye Ins. Co.*, 68 Iowa, 737, followed.)

3. ———: PRACTICE: OBJECTING TO A CERTAIN CLASS OF EVIDENCE. Where it is apparent from the record that defendants all through the trial objected to a certain class of evidence as being incompetent, the question of the competency of such evidence may be raised on appeal, even though each question and answer was not objected to. The rule that the admission of incompetent evidence, tending to prove a fact established by other evidence not objected to, is error without prejudice, does not apply.

*Appeal from Jasper Circuit Court.*

FRIDAY, MARCH 18.

THIS is an action of replevin, involving the ownership of a stock of boots and shoes. The plaintiffs claim to be the absolute owners thereof, as purchasers from a partnership known as B. Oppenheimer & Co. The defendant Barr is sheriff of Mahaska county, and as such sheriff he levied certain writs of attachment upon the goods at the suits of creditors of B. Oppenheimer & Co. These creditors, who were by order of the court made parties defendant, claim that the alleged purchase of the goods by the plaintiffs was fraudulent as to the creditors of B. Oppenheimer & Co., because the purchase was made with the intent to. hinder, delay and defraud said creditors. There was a trial by jury, which resulted in a verdict and judgment for the plaintiffs. Defendants appeal.

*Bolton & McCoy* and *John F. Lacey*, for appellants.

*G. W. Lafferty, O. C. G. Phillips* and *L. C. Blanchard,* for appellees.

ROTHROCK, J.—I. The action was brought in the district court of Mahaska county. A trial was had in that court in

1. APPEAL: taken too late: question not raised below.

June, 1883. It was admitted by the pleadings, as they then were, that the goods in question were of the value of $10,000, and the fact, as appears on both trials, was that the plaintiffs made two purchases of the goods. One purchase was made of goods at Oskaloosa, and the other purchase was effected at Ottumwa. The jury in the first trial returned the following verdict: "We, the jury, find for the defendant, and fix the value of the goods replevied at three thousand five hundred dollars, *for goods bought at Ottumwa.*" Thereupon the defendants moved the court to fix the value of the property at the amount admitted in the pleadings, and for judgment for the return of the property, or for a judgment for $10,000, or so much

as might be necessary to pay off the writs of attachment, with interest and costs. On the same day the plaintiffs filed a motion for a new trial, because the verdict was contrary to the evidence, and for various other causes, including alleged errors in instructions to the jury and in rulings upon the admission and exclusion of evidence. On the same day the court overruled the defendants' motion, and sustained the plaintiffs' motion, and granted a new trial. The record entry of this ruling does not show the reason for the rulings of the court.

After the adjournment of the term, the judge signed a bill of exceptions, in which it was stated "that the court sustained the motion of the plaintiffs for a new trial, on the sole and only ground that, under the state of the pleadings, the defendants cannot recover separately for the part of the goods in controversy sold at Ottumwa, and the defendants at the time excepted. The said motion was held by the court insufficient on each and all the other points made therein, and sustained wholly and entirely upon the said point mentioned above; that if the said pleadings are sufficient to justify a verdict in defendants' favor as to the said $3,500 worth of goods sold at Ottumwa, then defendants would be entitled to a judgment on the verdict of not less than $3,500, and costs." Appellants insist that these rulings of the court on the first trial are reversible upon this appeal, and that they are at least entitled to a judgment for $3,500.

It will be observed that the order granting a new trial was not limited to any particular question or claim in the case. It was an order for a trial anew of all the questions in controversy in the case. It was made several years before any appeal was taken or attempted to be taken from it. It would appear that the right of appeal was lost by not exercising the right within the time allowed by law. But a conclusive reason why appellants should not be allowed to present the question now is, they did not ask for a judgment for the $3,500 named in the verdict. They demanded.

in effect, that the verdict should be reformed so as to give them a judgment for $10,000; and it was to the overruling of this motion that they excepted, and from which they should have taken their appeal within the proper time.

II.　It appears from the evidence that B. Oppenheimer & Co. were in the boot and shoe business at Ottumwa and Oskaloosa. N. Oppenheimer was a resident of Baltimore, Maryland, and was for years engaged in the mercantile business in that city. He came to Oskaloosa in the year 1880, and made the alleged purchase of the goods in controversy. B. Oppenheimer was associated with a partner named Kuhn. There ought to be no dispute that this firm made the sale to the plaintiffs with intent to defraud creditors. In fact, they organized and carried out a stupendous fraud upon wholesale dealers by buying large quantities of goods on credit, and, after receiving them at their store in Ottumwa, they shipped them to St. Louis, and sold them, and pocketed the proceeds; and, before their frauds were discovered, they absconded and escaped from the just consequences of their villainy. The sale of the goods to the plaintiffs was part of the same general plan. We would not allude to these facts here if it would in any way prejudice the plaintiffs upon a retrial; but as the main and really the only question in dispute in the case is whether the plaintiffs were participants in the fraud, or had such knowledge thereof as to charge them with its consequences, the fact that the firm from which the purchases were made were actuated by a fraudulent design is an important one to consider in connection with the question we are now about to discuss.

The plaintiff N. Oppenheimer being a stranger in Iowa, it was important for him to show that he was possessed of means to make the alleged purchases. He associated with him one Lehman in making the purchase. But it is not claimed that Lehman furnished any of the money to pay for the goods. A large number of witnesses, residents of Baltimore, testified in behalf of the plaintiffs. Some of their

evidence tended to show that N. Oppenheimer was possessed of considerable property. This evidence was competent. It was his right to show that he was possessed of money sufficient to make the purchases. Quite a number of these witnesses, as well as other witnesses resident at Oskaloosa, were allowed to testify that the character of Oppenheimer for 2. EVIDENCE: honesty and integrity, and his business standing of good character to rebut and credit, were good. The defendants objected charge of fraud. to this evidence. And this is the principal question in the case as presented to us. It is claimed by counsel for appellees that the defendants are in no position to urge this objection, because they allowed part of this evidence to go to the jury without objection. That the evidence was incompetent must be conceded. *Stone v. Hawkeye Ins. Co.*, 68 Iowa, 737.

We have, then, to determine whether the appellants waived objections to this evidence by allowing it to be intro- 3. ——: practice: objecting to a certain class of evidence. duced without making objection at the time. It is difficult to determine what the ruling of the court was upon the question of the competency of the evidence. It would appear from a ruling made at one time that the court excluded the evidence from the jury. But the court instructed the jury upon the question as follows: "Evidence of the character and reputation of the plaintiff for honesty has been introduced, and you are instructed that you will not consider such testimony, in so far as it may relate to such character or reputation since the purchase of the goods in controversy." It seems to us this is a direction to the jury that they should consider that class of testimony so far as it related to character or reputation before the purchase of the goods. It is true, the direction to so consider it is implied; but it is as plain a direction as it would have been if given in express words; and one ground of the motion for a new trial is based upon the admission of this evidence. We think it is quite apparent from the whole record that the defendants resisted the intro-

duction of this evidence clear through the trial, and afterwards, and that their objections were only sustained by the court so far as the evidence related to character after the purchase of the goods, as set forth in the instruction to which we have referred.

As has been said, there were quite a number of witnesses who testified upon this subject. It is true, as claimed by counsel for appellees, that objection was not made to every question and answer upon the subject of the plaintiff's character, and it is claimed that, because this was not done, appellants cannot be allowed to complain of the evidence now. The ground of the contention is that the admission of incompetent evidence, tending to prove a fact established by other evidence not objected to, constitutes error without prejudice, and we are cited to the case of *Weitz v. Ewen,* 50 Iowa, 34. That was an action by a wife, to recover damages for intoxicating liquors sold to her husband. Evidence was introduced, by which it was shown that the plaintiff was the mother of eight children, and their ages were given by the witness. This evidence was allowed to go to the jury without objection. Afterwards, evidence was introduced as to the age of one of the children, which was objected to, and the objection overruled. It was held that this was not prejudicial error, even although it was probable the evidence was immaterial, but that no substantial prejudice resulted to the defendant by allowing the proof of the age of one of the children, as the defendant made no objection as to proof of the ages of the others.

We are also cited to the case of *White v. Savery,* 50 Iowa, 515. In that case complaint was made of the admission in evidence of certain books of account to prove the loan of money. It was held that, if this was error, it was without prejudice, because there was other positive evidence of the loan which was not contradicted, and the fact sought to be shown was established independently of the books; and we are referred to the case of *Iowa Homestead Co. v.*

*Duncombe*, 51 Iowa, 525. In that case the defendant was allowed to testify generally as to the value of a certain contract held by him. It was held that the overruling of an objection to this evidence was not prejudicial, because, if erroneous, the error was cured by the subsequent specific evidence of value, as stated by the witness.

It appears to us that these cases do not justify us in holding that the admission of the incompetent evidence in this case was not prejudicial because some of it was not objected to. It is apparent that the two last cases do not bear upon the question. The facts sought to be proved in both of them were material to the cases, and they were proved by other competent evidence. In the first case the ages of the children were single facts. The evidence of each witness to the age was evidence of a distinct fact, which could as well be established by the testimony of one uncontradicted witness as that of a great number. The evidence now under consideration was very different. It has never been thought that character, reputation, or good business standing could be established by one witness. It is something of a more general nature than the existence of a physical or known fact. In the case at bar it was the class of evidence which was objected to, and we do not think that it should be required that the defendants should object to every question and answer, and that, if there was any omission in this respect, they should be held to have waived objections. If that course had been pursued in this case, the time of the court would have been largely taken up in unseemly interruptions, and in making and repeating rulings which would have the appearance of vain repetition. We think that the whole record shows that the court understood that the defendants waived nothing as to this evidence. The instruction to the jury above cited can bear no other construction.

For the error in admitting this evidence the judgment is reversed, and the case remanded for a new trial.

REVERSED.