ARCHIBALD P. McKINNON AND THOMAS W. BURRELL v.. SAMUEL G. M. GATES.

*Practice in circuit court—Evidence—Factors and brokers—Action for commission.*

1. Immaterial or irrelevant testimony must be of such a character·· as naturally to prejudice the jury against the party objecting to its admission; otherwise, the judgment will not be reversed for its admission.

2. Where an objection to incompetent testimony . is overruled, a failure to object to similar testimony afterwards introduced, and the meeting of the same by counter proof, does not waive· the error.

3. In an action to recover a commission agreed to be paid by the purchaser of logs, papers relating to the situation, amount, character, and quality of the logs, which one of the plaintiffs gave to the defendant during the negotiations, are admissible· as part of the *res gestae.*

4. The testimony of the defendant that in his conversation with the plaintiffs he had no idea that they intended to charge for·· commission was properly excluded.

5. Where plaintiffs seek to recover, upon an express contract, a., certain commission agreed to be paid on the purchase of a. quantity of saw-logs, testimony on their part that the com-· mission on the sale of the logs was worth 3 per cent. on the dollar on the amount for which the logs sold is inadmissible; citing *McDonald v. Ortman,* 98 Mich. 40, 42.[1]

6. Where a lumber manufacturer receives an option on a quan-·· tity of logs from a log and lumber broker, and agrees to pay a certain commission if he purchases the logs, he cannot de-· fend, in an action to recover the agreed commission, upon the ground that he purchased the logs from the owner condition-·· ally, or upon terms different from those contained in the· option, the broker being ignorant of any such change.

---

[1] For cases involving the admissibility of testimony of this character under various circumstances, see *Alderton v. Wright,* 81. Mich. 294; *Wyatt v. Herring,* 90 Id. 581; *Lewis v. Roulo,* 93 Id.·\ 475; *Banghart v. Hyde,* 94 Id. 49; *Swarthout v. Lucas,* 101 Id.. 609, and cases cited.

7. A telegram from the owners of logs to a' log broker, to whom
   they had given an option on the logs, which he had sold to a
   lumber manufacturer for an agreed commission, stating that
   the option was extended, is competent evidence, in a suit by
   the broker to recover the commission, of the extension of the
   option.

Error to Cheboygan.   (Pailthorp, J.)   Argued October
31, 1894.   Decided December 7, 1894.

*Assumpsit.*   Defendant brings error.   Reversed.   The
facts are stated in the opinion.

*C. L. Collins,* for appellant.

*McArthur & Sprague (Oscar Adams,* of counsel), for
plaintiffs.

GRANT, J.   Plaintiffs recovered a verdict and judgment
for $2,329.04, principal and interest, as commission on the
sale of a lot of logs purchased by defendant from McConnell & Tough, of Canada.   Plaintiff McKinnon resides in
Cheboygan, in this State, has been a lumberman for 18
years, and for the last 6 years has been principally engaged
in dealing in logs and lumber on commission.   Burrell is
a lumberman doing business mostly in Canada.   The defendant is a manufacturer of lumber in Bay City, Mich.
McConnell & Tough had about 9,000,000 feet of logs lying
in the Spanish river and one of its tributaries in Canada.
Burrell, learning that the logs were for sale, made a partial
examination, and on February 18, 1891, obtained a written
option in the name of the plaintiffs for their purchase.
The price was $7.50 per thousand feet.   Plaintiffs were to
have 30 days within which to conclude the purchase, two-thirds to be paid in cash upon the completion of the contract, and the balance when the logs were scaled at the
mouth of the river.   A contract had been let by McConnell & Tough to drive the logs, for which plaintiffs agreed

to pay. February 19, 1891, Burrell wrote McKinnon, inclosing the option.

Plaintiffs declared upon an express contract for 3 per cent. commission with the defendant if he purchased the logs. Their evidence supported the claim. Defendant denied any contract whatever with the plaintiffs, and gave evidence to support his claim. Defendant and the Michigan Pipe Company purchased the logs, and the purchase was evidenced by a written agreement. This agreement differed from the terms of the option in three particulars:

1. The price per thousand was $7.90, instead of $7.50.

2. McConnell & Tough agreed to drive the logs, and deliver them at the mouth of the river.

3. The contract provided that if the vendors should not be able to deliver the logs, or any portion thereof, during the spring or summer of 1891, owing to their being stuck for want of water, lost by tempest, or any other unavoidable accident, neither party should be compelled to carry out the agreement, and the vendees should be liable to pay for only such logs as were actually delivered.

The increased price was in consequence of the delivery at the mouth of the river, the driving being at the expense of the sellers rather than the buyers, as provided in the option. Only 675,000 feet were delivered, and the vendors and vendees settled their difference as to those undelivered, the terms of which settlement do not appear.

According to the plaintiffs' evidence, they gave their option to the defendant, who went to Canada and made the purchase. Defendant informed them that he had purchased, and they were not notified, and had no knowledge until after this suit was commenced, that the terms of the contract differed from those of the option. The issues of fact were settled by the jury in favor of the plaintiffs. The errors alleged arise upon the admission of testimony and the charge of the court.

1. The first error complained of is the admission of the

letter of February 19, 1891, from Burrell to McKinnon,. and of an envelope and certain papers which McKinnon testified that he gave to defendant during the negotiations. These papers related to the situation, the amount, character, and quality of the logs, and included two letters written by McConnell & Tough to McKinnon, one saying:

"Have no estimate on quantity; not customary here. Less than 1,000 pieces Norway, balance white pine. Can. mail specification if desired."

The other:

"Logs good. Your Mr. Burrell has thoroughly investigated our logs. We prefer purchasers to act on their own opinions. Little over seven to the thousand."

The letter of February 19 is of no consequence, except that it is claimed by the plaintiffs that it was introduced for the purpose of fixing the date. It contained nothing affecting the issue before the jury. It might with propriety have been ruled out as immaterial, but it is impossible to hold that its contents could have affected the jury to the prejudice of defendant. Immaterial or irrelevant. testimony must be of such a character as naturally to prejudice the jury against the party objecting to its admission; otherwise, the judgment will not be reversed for its. admission. The other papers were properly introduced as part of the *res gestae.* They related to the subject-matter in controversy, and contained information which might be of value to the proposed purchaser.

2. The court refused to permit the defendant to testify that in his conversation with the plaintiffs he had no idea. that they intended to charge for commission. His secret. understanding was incompetent. The intent and agreement. of the parties were to be determined from their conversa-. tion and their acts. Neither party was at liberty to testify to his understanding.

3. Mr. McKinnon was permitted to testify that "the

commission on the sale of these logs was worth 3 per cent. on the dollar on the amount for which the property sold." On cross-examination of this same witness the court ruled out testimony to show the time occupied by the plaintiffs in the negotiations with defendant. If the former testimony were competent, the latter would be equally so; nor would it be an answer to the latter to say that the question was not broad enough to cover plaintiffs' negotiations with McConnell & Tough, and their time and expenses incurred in examining the timber. It was the first step in the inquiry, and was admissible upon the theory of the plaintiffs that they could show the value of their services. At the time, the testimony was offered, the defendant had raised no question of the reasonableness of the charge. Plaintiffs' suit was based upon an express contract set out in the declaration, and not upon a count for *quantum meruit*. This point is expressly ruled by *McDonald v. Ortman*, 98 Mich. 40, 42, where the authorities in this State are cited. The testimony should have been excluded. It is, however, insisted that other evidence of this character was afterwards introduced without objection; that the defendant introduced evidence to controvert it; and that this cured the error. This is not the law. One ruling upon the point by the court was sufficient, and the defendant had the right to rest upon such ruling, and to meet the evidence by counter proof without waiving the error.

4. The defendant requested the court to instruct the jury that, if he did not buy the logs under the option, he was not liable for the commission charges, and that at most plaintiffs could recover a commission only on the logs actually purchased and delivered. These requests were refused, and the court instructed the jury that it made no difference whether the terms of the purchase were in accordance with the terms of the option, unless the defendant, because of some fault of either the plaintiffs

or the owners of the logs, was deprived of the right of purchase in accordance with the exact terms of the option. We think the refusal and the instruction were correct. If the defendant received the option from the plaintiffs, and agreed to pay a commission if he purchased the logs, he cannot defend upon the ground that he purchased them conditionally, or upon terms different from those contained in the option. If McConnell & Tough refused to sell to defendant under the terms of the option, it was the legal duty of defendant to notify plaintiffs of that fact, and thus give them the opportunity to seek other purchasers or to abandon the option. No other course can be justified by reason and fair dealing.

5. On March 19, 1891, McConnell & Tough telegraphed McKinnon, saying:

"Gates still negotiating. Extended time to Monday,— 24th."

The admission of this telegram is alleged as error because defendant was not shown to have had any knowledge of it, and that it could not in any manner affect him. The testimony was competent to show the extension of the option. In view of a new trial, it may be well to remark that a different question would have been presented if the option had expired before the purchase, without any fault of the defendant, and he had purchased in good faith, relying upon its expiration.

Judgment reversed, with costs, and a new trial granted.

The other Justices concurred.