A. McCandless, Assignee, v. John L. Hazen, Sheriff,
Etc., Appellant.

**General Assignment:** INSOLVENCY DEFINED. One who is unable to
meet his just obligations in due course of trade, and who is unable
to proceed in business without making some arrangement with
his creditors, is insolvent, within Code, section 2115, providing for
assignments by insolvents for the benefit of creditors.

COLLATERAL ATTACK. An assignment, regular on its face, cannot
be collaterally attacked.

FRAUD: *Evidence.* A transfer by an insolvent debtor to his brother,
a few days before making a general assignment, will not be
declared fraudulent, as against creditors, where it appears that it
was made pursuant to a prior promise to indemnify such brother
against liability as a surety, and where there was no evidence that,
at the time for the transfer, the debtor intended to assign.

**Appeal:** ARGUMENT OF ASSIGNMENT. Assignments of error not
argued in the briefs, are waived.

DEEMER, J., took no part.

*Appeal from Pottawattamie District Court.*—Hon. H. E
Deemer, Judge.

Monday, May 18, 1896.

Plaintiff, as assignee of one August Meyer, brings
this action of replevin, for certain personal property,
against the defendant, as sheriff of Pottawattamie
county, Iowa, who held the same by virtue of a levy
under a writ of attachment issued out of the office of
the clerk of the district court of said county, in a
case pending in said court, wherein Sears, Frizzel &
Co., were plaintiffs, and August Meyer was defendant.
It appears that said Meyer had on August 17, 1893,
made a general assignment for the benefit of cred-
itors, and appointed plaintiff his assignee. Said
assignee qualified, and took possession of the assigned

property; and thereafter, on August 20, 1893, said writ of attachment was sued out, and the goods taken from the assignee, thereunder. Prior to the commencement of this action, a proper notice of ownership was served upon the defendant. The defendant, in his answer, alleges that said August Meyer and his brother, conspired together for the purpose of cheating and defrauding said Sears, Frizzel & Co., and other creditors, and that said August, without consideration, conveyed to his brother, Theodore Meyer, books of account and accounts to the amount of one thousand dollars, and all the real estate and personal property said August was possessed of; that said assignment was made fraudulently and without consideration and for the purpose of cheating and defrauding his creditors, and, in pursuance of such fraudulent conspiracy, plaintiff accepted said assignment. The cause was tried to a jury, and at the conclusion of the evidence the court sustained a motion directing a verdict for plaintiff. Defendant excepted and appeals.— *Affirmed.*

*Turner, Smith & Cullison* for appellant.

*Benjamin & Preston* for appellee.

KINNE, J.—I. Appellant's first contention is that August Meyer was not insolvent, and hence could not make a valid assignment for the benefit of his creditors. Our statute reads: "No general assignment of property by an insolvent, or in contemplation of insolvency, for the benefit of creditors, shall be valid, unless it be made for the benefit of all his creditors in proportion to the amount of their respective claims." Code, section 2115. Meyer was, as the evidence clearly shows, unable to meet his just obligations according to the usage of trade, and

unable to proceed with his business without making some general arrangement with his creditors. Under our holdings, this constituted insolvency, so as to justify the making of an assignment for the benefit of creditors. *Savery v. Spaulding*, 8 Iowa, 240. See *State v. Cadwell*, 79 Iowa, 473 (44 N. W. Rep. 711).

II. Exception was taken to the ruling of the court admitting in evidence the notice of ownership, and an assignment of error is based thereon. As, however, said assignment is not argued, we do not consider it.

III. It is contended that the facts show that the assignment was fraudulently made, with the intent of especially benefiting the assignor's brother and another creditor. A day or two prior to making the assignment, August Meyer did transfer certain property to his brother, to secure him against liability as a surety. This he had a right to do, especially as the transfer was made in part in fulfillment of a promise made to the brother, at the time he became surety, that whenever he (Theodore) demanded security, he (August) would give it. Nothing appears from which it can be said that, when August Meyer made these transfers to his brother, he had in contemplation the making of an assignment for the benefit of his creditors. The argument seems to be that by reason of the transfers, and the assignment thereafter made, the brother would reap a benefit at the expense of other creditors. There is no evidence from which it can be said that there was any fraudulent conspiracy between August Meyer and Theodore Meyer, to which plaintiff was in any way a party, or for which he can be chargeable. When the property was attached it was in the custody of the law. *Shoe Co. v. Mercer*, 84 Iowa, 541 (51 N. W. Rep. 415). The assignment was, on its face, regular, and it could not be collaterally

attacked. If Theodore Meyer has possession of property which in law passed by the assignment, and if, as defendant contends, the assignee has been derelict in failing to attempt to secure said property for the benefit of his assignor's estate, a very plain remedy is open, under the statute, to compel the assignee to perform his duty. Code, section 2123. The defendant failed to establish his defense.

We have not discussed the facts in detail, discovering no good reason for so doing.—AFFIRMED.

DEEMER, J., took no part.