## LAVER et al. v. HOTALING.[*]

### S. F. No. 502; December 7, 1896.

#### 46 Pac. 1070.

**Services of Architects—Evidence of Value.—In an Action by Architects** to recover for services, evidence of a rule of compensation of architects established by architects' institutes and associations is not admissible when not accompanied by any proof that the rule was known to defendant at the time of the alleged contract, or that it was so generally accepted by the public as to give it the standing of a custom, knowledge of which was to be imputed to him.[1]

**Evidence—Waiver of Objections.—Where plaintiff testified on** the direct examination as to an alleged custom, defendant did not waive his objections to such evidence by cross-examining plaintiff thereon, or calling witnesses to disprove it.[2]

APPEAL from Superior Court, City and County of San Francisco; John Hunt, Judge.

Action by Augustus Laver and another against A. P. Hotaling to recover for services rendered by plaintiffs as

---

[*]For subsequent opinion in bank, see 115 Cal. 613, 47 Pac. 593.

[1] Cited in Smith v. National Bank of D. O. Mills & Co., 191 Fed. 232, as supporting the doctrine that "no usage can change the plain meaning of a contract."

[2] Cited in the note in 33 L. R. A., N. S., 104, on waiver of objections to testimony by cross-examination.

architects. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Robert Harrison and Michael Mullany for appellant; A. P. Van Duzer and Walter H. Levy for respondents.

BRITT, C.—Plaintiffs are copartners in the practice of their profession of architects. They sued in this action to recover the alleged reasonable value of services performed, it is claimed, at defendant's request in the preparation of drawings, plans and specifications for a building defendant had in mind to erect. After verdict and judgment in plaintiffs' favor, the court granted a new trial on the sole ground specified in its order that it erred at the trial "in permitting the introduction of evidence of a rule of compensation of architects established by architects' institutes or associations." Plaintiffs appeal, and contend, firstly, that the court mistook in assuming that it had allowed evidence of the character mentioned in the order granting a new trial. While it hardly appears that plaintiffs directly offered the conventional rates of compensation fixed by any society of architects for professional services, yet there was an undertone of reliance thereon in a great part of the evidence for plaintiffs as the basis on which estimates of the value of their services were founded; and it sufficiently appears that defendant ineffectually endeavored, by motion to strike out and otherwise, to exclude testimony of such value having those rates as its data. Thus, Mr. Laver, one of the plaintiffs, testified that there is a uniform rule governing the compensation of architects. On cross-examination he was asked, "Is that rule established by the Architects' Association here?" He replied, "That is established by every civilized country in the world"—a certain percentage on the cost of the structure, payable when the specifications are finished. Another one of the plaintiffs testified that the value of their services was two and one-half per cent of the estimated cost of the building; that he based this statement upon "the custom." Mr. O'Connor, a witness for plaintiffs, stated that the estimate he gave upon the subject of value was arrived at by reference to a custom prevalent in various cities, and "published in the rules and regulations of the American Institute of Architecture." There was other testimony of similar tendency. All

of it received color beyond what it possessed intrinsically from the following instruction of the court to the jury: "In order to prove the value of those services, plaintiffs have called witnesses to show that under a rule of the Architects' Association of New York the builder or owner must pay for the architect's plans, profiles and specifications compensation on the basis of a percentage upon the contemplated cost of the building. They say that is an arbitrary, fixed rule of those architects. If you should be satisfied that such a rule as that exists, and that plaintiffs are otherwise entitled to recover, you may award a verdict on the basis of that compensation." In this condition of the case we think the statement of the court in its order that evidence had been received "of a rule of compensation of architects established by architects' institutes or associations" was not materially inaccurate. The jury must have retired with the conviction that such evidence was before them for consideration. This evidence, standing alone, was incompetent. It was not accompanied by any proof that the rule or usage of architects was known to the defendant at the time of the alleged contract with plaintiffs, nor that it was so generally accepted and acted upon by the public as to give it the standing of a custom, reasonable, uniform and notorious, knowledge of which was to be imputed to him. In the absence of such complementary proof, the law, as we understand it, does not allow that a rule for professional guidance, adopted by organizations or societies of the members of any profession, is competent evidence in their favor in controversies with lay employers regarding the quantum of their compensation: See 27 Am. & Eng. Ency. of Law, 739; Mechem on Agency, sec. 963, note 1; Blake v. Stump, 73 Md. 171, 10 L. R. A. 103, 20 Atl. 791; Taliaferro v. Bank, 71 Md. 200, 17 Atl. 1036; McMasters v. Railroad Co., 69 Pa. 374, 8 Am. Rep. 264. We do not deny the principle illustrated by Sewell v. Corp, 1 Car. & P. 392, Thomas v. Brandt (Md.), 26 Atl. 524, and other cases, that, if there is a general usage, applicable to the charges of a particular profession, it may be looked to in order to determine the compensation to be paid by one who employs an individual of that profession; but we hold that such a usage cannot be proved for that purpose against laymen by showing a rule adopted within the profession only.

It is urged that the existence of the rule or custom of architects was developed on cross-examination of plaintiffs' witnesses; also that testimony concerning the same matter was given by a witness called by defendant, and hence that the latter cannot complain of the error. But the evidence of plaintiffs related to an alleged customary rule of charges, and we think defendant might, without waiving his objections, produce evidence either by cross-examination or from his own witnesses to exhibit the source of the alleged custom, and to show more clearly the incompetence of the plaintiffs' evidence in that behalf. As nearly as we can make out, this was the purpose of the course of interrogation pursued by defendant. In our opinion, none of the objections advanced by plaintiffs to the order appealed from are maintainable, and it should be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.