## BURRELL *v.* GATES.

1. SALE—ACTION FOR COMMISSIONS—EVIDENCE.

    Upon an issue as to whether or not a purchase of logs was made under an option held by a third person, so as to entitle him to commissions, the seller's testimony that it was so made is not inadmissible as a mere conclusion from the facts, although the better practice would, perhaps, require that the testimony be confined to what was said and done at the time of sale.

2. SAME.

    The buyer having been permitted to show all the sources of his information in regard to the logs, and to state that he did not purchase under the option, the court properly refused to allow him further to state upon what information he in fact relied in making the purchase.

3. SAME—HARMLESS ERROR.

    It being practically conceded upon the trial that defendant, if liable at all, should pay commissions upon all the logs specified in the contract, the fact that a witness who had seen a part of the logs only was permitted to state his estimate of the quantity was not reversible error.

Error to Ogemaw; Sharpe, J. Submitted February 10, 1897. Decided April 6, 1897.

*Assumpsit* by Archibald P. McKinnon and Thomas W. Burrell against Samuel G. M. Gates to recover commissions on the sale of logs. There was a judgment for plaintiffs, and defendant brought error. McKinnon died pending the appeal, and the cause was continued by Burrell as survivor. Judgment affirmed.

*C. L. Collins,* for appellant.

*Victor D. Sprague* (*McDonell & Hall,* of counsel), for appellee.

GRANT, J. This case was once before in this court, and reversed. *McKinnon* v. *Gates*, 102 Mich. 618. Upon a new trial the plaintiffs again had verdict and judgment. It is unnecessary to state the facts and issues any further than they will be found in the other opinion.

1. The deposition of Rinaldo McConnell, one of the firm of McConnell & Tough, who sold the logs to the defendant, was taken by commission. He testified that "Mr. Gates made the purchase by virtue of the option of McKinnon & Burrell." No objection was made to the interrogatory, nor to the answer thereto, upon the first trial. It does not appear, however, that this waived his right to object. *Angell* v. *Rosenbury*, 12 Mich. 259. The objection made is that it calls for a conclusion, instead of facts. The answer amounted to this: That the vendors and vendee were acting, in making this sale, under the option given to the plaintiffs, and we see no objection to testimony that the purchase was effected under that option. Defendant testified that he did not make the purchase under the option, and that he had no agreement whatever with the plaintiffs. While it would, perhaps, have been proper for the court to confine the parties to what was said and done at the time of the sale, still we do not think it error to permit the parties to testify under what authority or agreement they were acting.

2. Defendant, Gates, was asked by his counsel: "On this 10th of March, on whose judgment and upon what information did you rely, so far as your dealings in respect to these logs were concerned?" This was excluded. The court permitted the defendant to show all the information he obtained from other parties in regard to these logs, but refused to permit the witness to state upon what information he relied. The witness did state, without objection, that he did not act or operate under the option received from the plaintiffs. We think the ruling was correct. Even if defendant had relied upon the judgment and information received from others, this would not neces-

sarily conflict with the agreement to pay plaintiffs a commission.    Plaintiffs held an option for the purchase of the logs, and claim that they transferred it to defendant.    If the purchase was effected under this option, it was immaterial whether defendant obtained other information in regard to the quantity or quality of the logs.

3. Mr. Moulthrop, a witness for the defendant, and the manager of the Michigan Pipe Company, was asked: "State whether or not at that conversation anything was said about the Michigan Pipe Company and Mr. Gates investigating and purchasing these logs." The conversation referred to took place in January, 1891, nearly or quite two months before the contract between plaintiffs and defendant. Whether or not this might properly have been admitted, we need not determine. It is apparent from the cross-examination that the substance of this conversation was stated.

4. The witness Moulthrop was present on March 23d at the conversation between McConnell and Gates when the purchase was being talked over. He was asked to state whether Mr. McConnell said that there were other parties to whom he could sell. The court refused to permit an answer. It appears from the record that this witness had just testified twice that McConnell said he could sell the logs to other parties, and felt at liberty to do so. It would be absurd to reverse a case and grant a new trial where the testimony ruled out has already been given by the same witness.

5. Plaintiff Burrell had seen about 7,000,000 feet of these logs. He was an experienced lumberman, and was permitted to state his estimate of the entire quantity. It is urged that this was incompetent, because he had made no examination of all the logs. If the number of feet and the amount of the commission depended upon this testimony, its admission might be reversible error. The contract of purchase gave the number of logs and the number of feet, and it was in excess of 9,000,000. Defendant gave no evidence tending to show that the amount speci-

fied in the contract was not correct. On the contrary, several of the witnesses on behalf of the defendant, including the defendant himself, referred to these logs as containing 9,000,000 feet. Mr. Smith referred to them as "the 9,000,000 feet of logs." Mr. Moulthrop testified, "I learned from some source that there were 9,000,000 feet." The defendant himself testified, "From my investigation, I found the logs that he offered to be in the neighborhood of 9,000,000 feet." It is evident that the case was tried upon the theory that, if the defendant was liable to pay a commission upon all the logs specified in the contract, there were about 9,000,000 feet. No request was preferred upon this question, and it is evident from the instructions given that there was no real dispute as to the amount. We therefore hold that the case should not be reversed for this error.

Several assignments of error are made to the instruction of the court. We deem it unnecessary to discuss them. The court clearly and fairly stated to the jury the claims of each party, and correctly gave them the law applicable to the case, and in accordance with our former opinion.

The judgment is affirmed.

The other Justices concurred.