THE METROPOLITAN NATIONAL BANK, *et al.*, v. THE COMMERCIAL STATE BANK, Appellant.

**Receivers:** ADJUDICATION: *Collateral attack.* The defendant in an action upon a promissory note brought by a receiver cannot question the appointment of the plaintiff on the ground that, as clerk of the court, he had approved his own bond, when it was adjudged sufficient at the time of his appointment.

SAME. The approval by the court of a bond given by a receiver who was at the same time clerk of the court, is an adjudication in the receivership proceedings that the bond was sufficient, and cannot be collaterally attacked.

SAME. Although a receiver has given no bond, he may be a receiver *de facto*, so that his authority to sue in such capacity cannot be questioned collaterally.

SAME. In an action upon a promissory note in which the receiver is plaintiff, it cannot be objected that he was disqualified to accept the appointment because as clerk of the court it was necessary for him to approve his own bond as receiver, since such contention is in the nature of a collateral attack upon proceedings had and an order made in another action. Citing *Whittlesey v. Frantz,* 74 N. Y. 459; *Attorney General v. Insurance Co.,* 77 N. Y. 274; *Bangs v. Duckinfield,* 18 N. Y. 595; *Jones v. Blum* (N. Y. App.) 39 N. E. Rep. 954; *Davis v. Shearer* (Wis.) 62 N. W. Rep. 1050; *Cadle v. Baker,* 20 Wall., 650.

OFFICER DE FACTO. That the clerk of the district court in his capacity as receiver of an insolvent bank has instituted an action to recover a debt due it, does not vacate the office of clerk and invalidate his acts in docketing the case, filing papers and making entries, thus preventing the court from acquiring jurisdiction of the action, since he acted as clerk *de facto*, and third persons dealing with him had the right to rely upon his acts so performed as being legal. *People v. Nelson*, 27 N. E. Rep. (Ill. Sup.) 226; *People v Payment*, 67 N. W. Rep. (Mich.) 689; *Clark v. Easton*, 14 N. E. Rep (Mass ) 795; *Petersilea v. Stone*, 119 Mass. 465.

AUTHORITY TO SUE   A receiver who was directed by the court to make a settlement with reference to defendant company, and to collect the claim due the insolvent debtor by litigation, if necessary, and who was as receiver an officer of the court in which he was allowed to intervene as a plaintiff in the suit at bar, is authorized to prosecute the suit.

**Evidence:** COMPETENCY: *Conclusions.* Testimony that the cashier of a bank stated "that he felt he was somewhat negligent or careless in the matter," is inadmissible in an action wherein it is sought to charge the bank with liability by reason of its alleged negligence in failing to apply funds on deposit with it in payment of a note sent it for collection, before such funds were withdrawn. Such statements are incompetent, for they are merely his conclusions as to what constitutes negligence.

RES GESTÆ. A statement by an agent that his principal had been negligent, made after the settlement had been effected which constituted the alleged negligence, is not a part of the *res gestæ.*

TENDER. Where plaintiff sued defendant for negligence in collecting a note intrusted to it, and defendant tendered a part payment it had collected, which was refused, plaintiff was entitled to the amount of the tender without evidence, as it was an admission of the liability to that extent.

INTEREST. Where money is tendered in part payment of an over due debt, without condition, and the tender is kept good, interest on the amount tendered ceases from the time of the tender.

**Appeal:** EXCEPTIONS: *Waiver.* An exception to the erroneous admission of evidence is not waived by failure to object to the subsequent introduction of evidence of the same kind. Citing *Church v. Howerd*, 79 N. Y. 421; *In re Eysman*, 113 N. Y. 71; *Sharon v. Sharon*, 79 Cal. 674; *Whitney v. Traynor*, 74 Wis. 289; *Gilpin v. Gilpin*, 12 Colo. 516; *Railroad Co. v. Gower*, 3 S. W. Rep. (Tenn. Sup.) 824.

SAME. The mere silence of a party when incompetent evidence is offered, should be treated as a waiver of the objection to the particular evidence offered only, and will not preclude him from

objecting to similar testimony offered subsequently.    Citing
*McLane v. Paschal,* 11 S. W. Rep   (Tex. Sup.) 839.

RULE APPLIED.   Where a question asked plaintiff by his counsel was
not objected to, and defendant offered evidence in contradiction
of the answer, defendant did not waive his right to object to the
evidence given by another witness, to the same effect, in rebuttal.
Citing *McLane v. Paschal,* 11 S. W. Rep. (Tex. Sup.) 839.

*Appeal from Buena Vista District Court.*—HON. LOT
THOMAS, Judge.

THURSDAY, FEBRUARY 10, 1898.

ACTION at law to recover the amount due on a
promissory note.   There was a trial by jury, and a judg-
ment against the Commercial State Bank, from which
it appeals.—*Reversed.*

*M. J. Sweeley* and *T. D. Higgs* for appellant.

*F. H. Helsell* for appellee.

ROBINSON, J.—In May, 1895, the defendant H. H.
Bridge made to the Buena Vista State Bank of Storm
Lake, Iowa, a banking corporation of this state, his
promissory note for the sum of two hundred and ninety-
nine dollars and twelve cents, payable on the twelfth
day of October, 1895.   That note, with other notes, was
transferred by the payee to the Metropolitan National
Bank of Chicago, to be held by it as security for a loan
it had made to the Buena Vista State Bank.   On the
third day of September, 1895, in a suit instituted by
the attorney general, the district court of Buena Vista
county, adjudged the bank last named to be insolvent,
and appointed as receiver S. C. Bradford, who was the
clerk of that court.   He executed a bond for the amount
fixed by the court, which was approved by himself as
clerk, and by the court.   About the twenty-fifth day of
September, 1895, the Metropolitan National Bank sent

to the defendant the Commercial State Bank the Bridge note for collection. On the tenth day of October, 1895, Bridge, who was a resident of Buena Vista county, had a public sale of property, at which sale notes were taken, and proceeds of those notes, to the amount of more than one thousand eight hundred dollars, were received by the Commercial State Bank on account of Bridge, nearly all of which were paid out to him, or on his checks. On the twenty-fifth day of October, 1895, this action was commenced by the Metropolitan National Bank against Bridge to recover the amount of the note, and against the Commercial State Bank, to recover the same amount, on the ground that it had failed to collect the note by reason of negligence on its part. The note had been indorsed by the Buena Vista State Bank, and after the action was commenced, Bradford, as receiver, paid to the Metropolitan National Bank the amount due on the note; and that bank and Bradford, by an amendment to the petition, set out that fact, and asked that Bradford, as receiver, be substituted as party plaintiff, and that he have the relief which had been asked by the original plaintiff. Thereafter, by another amendment, they asked that they be joined as parties plaintiff. The verdict and judgment against the Commercial State Bank were for the full amount due on the note.

I. The first complaint made by the appellant is that the court erred in sustaining a demurrer to the second division of its answer. The defense alleged in that division was, in substance, as follows: That Bradford is not the receiver of the Buena Vista State Bank, and is not authorized to maintain this action, for the reason that, as he was clerk of the district court in and for Buena Vista county at the time the order purporting to appoint him receiver was made, he was disqualified to accept the appointment, because he was the only person authorized by law to approve

the bonds of receivers appointed by the court and keep possession thereof, and the only person authorized to keep the records and entries of the appointment of such receivers, and to preserve the pleadings, papers, reports, bonds, records, and other proceedings connected therewith and arising therefrom; that his appointment as receiver was void, and that he is wholly without right or power to maintain this action. It is urged by the appellee that, even if it be true that the duties of clerk and receiver are such that one person should not hold both offices, yet that question cannot be considered on its merits in this action, for the reason that the second division of the answer is in the nature of a collateral attack upon proceedings had and an order made in another action, and that, we think, is true. The eligibility of Bradford was necessarily involved in the proceedings which were instituted to close the insolvent bank, and distribute its assets through the medium of a receiver. The court has jurisdiction of the subject-matter of the proceedings and of the parties, and its order appointing Bradford receiver involved a finding that he was eligible to the office. It may be that, if proper objection has been made, the order would have been set aside or reversed on appeal; but, if the bank and its stockholders and other persons interested in its assets are satisfied with the appointment, other persons should not be heard to complain, especially by a collateral attack, as attempted in this case. Van Fleet, Collateral Attack, section 3; *Whittlesey v. Frantz*, 74 N. Y. 459; *Attorney General v. Insurance Co.*, 77 N. Y. 274; *Bangs v. Duckenfield*, 18 N. Y. 595; *Jones v. Blun*, 145 N. Y. App. 333 (39 N. E. Rep. 954); *Davis v. Shearer*, 90 Wis. 250 (62 N. W. Rep. 1050); *Cadle v. Baker*, 20 Wall. 650. See, also, *Pursley v. Hayes*, 22 Iowa, 11; *McCandless v. Hazen*, 98 Iowa, 321. But it is said, if it be conceded that the appointment of the clerk as receiver cannot be questioned in this action, yet the appellant may show that he never qual-

ified as receiver, for the reason that he could not approve his own bond, and the court was not authorized to approve it. We think this objection is shown to be unsound by what has already been said, and by the fact that the approval by the court of the bond given by the receiver was, in effect, an ajudication in that proceeding that the bond was sufficient. Moreover, Bradford may have been a receiver *de facto*, although he had not given any bond. *Manufacturing Co. v. Sterrett*, 94 Iowa, 158. We conclude that the demurrer to the second division of the answer was properly sustained.

II. It is contended that, if the appointment of Bradford as receiver be sustained, his acceptance of that office had the effect to vacate the office of clerk of the district court, because the offices are so incompatible that they cannot be held by the same person at one time; hence that the acts of Bradford as clerk, after his qualification as receiver, were void; that his docketing of this case, the noting of papers filed, and the making of other entries were void; and that, as a result, the district court did not acquire jurisdiction to hear and determine this action. In what Bradford did as clerk after he qualified as receiver he acted as clerk *de facto*, and third persons dealing with him had the right to rely upon his acts so performed as being legal. It is the well-settled general rule that the acts of officers *de facto* are as valid and effectual, where they concern the public or the rights of third persons, as though they were officers *de jure*, and that their authority to act cannot be questioned in collateral proceedings. *People v. Nelson*, 133 Ill. 565 (27 N. E. Rep. 217); *People v. Payment* (Mich.), 67 N. W. Rep. 689; *Clark v. Town of Easton*, 146 Mass. 43 (14 N. E. Rep. 795); *Petersilea v. Stone*, 119 Mass. 465. See, also, *Lufkin v. Preston*, 52 Iowa, 238; *Desmond v. McCarthy*, 17 Iowa, 526. We do not think the fact that Bradford, in his capacity as receiver, is seeking to recover in this

action, affects the application of the general rule, since his acts as clerk, and not his acts as receiver, are questioned by the objection now under consideration. It follows that the alleged fact that the office of clerk was vacated when Bradford qualified as receiver is not available as a defense in this action, since he continued to act as clerk.

III.     It is said that Bradford, as receiver, cannot maintain this action, for the reason that the court has not authorized him to do so. It is not shown that he was authorized in express terms to prosecute this action, or to assist in doing so, but he was directed by the court to effect a settlement with the Metropolitan National Bank. The directions given to him also contemplated the collection of claims due the Buena Vista State Bank, and litigation to enforce collection. This action was brought in the court which had jurisdiction of the receiver. He was an officer of that court, and asked permission to be substituted, or to join as party plaintiff, in this action, and was permitted by the court to do so. We think the authority thus shown to prosecute this action was ample.

IV.     It is claimed that a verbal agreement was made to which the receiver, the Commercial State Bank, and Bridge were parties, by virtue of which a sufficient amount of the proceeds of the sale notes deposited by Bridge should be used by the bank in paying the receiver the amount due on the note in suit, and that the bank, through its cashier, Tiede, negligently omitted to perform its part of the agreement, and permitted Bridge to withdraw the proceeds of the sale notes, or use them for other purposes. Testimony was given in behalf of the plaintiff which tended strongly to support the claim thus made. That claim was denied by the bank, and testimony of Tiede and Bridge tended strongly to sustain that denial. After the evidence for the bank had been submittted, the receiver placed upon

the stand A. C. Smith, who was permitted, notwithstanding objections made by the bank, to state that, during the fall of the year 1895, he heard a conversation between the receiver and Tiede in regard to the Bridge note, in which Tiede said "that he felt he was somewhat negligent or careless in the matter," and that there was not enough money to pay the note. There can be no doubt that the testimony thus given was important to the plaintiff, and that it must have been prejudicial, if erroneously admitted. The question to which the bank objected was, "What, if anything, was said in that connection by Mr. Tiede to Mr. Bradford in regard to any negligence on the part of Mr. Tiede or the Commercial State Bank in the collection of this note of H. H. Bridge?" The objection made and overruled, was that the question was "incompetent, immaterial, and irrelevant, and called for the admission of a conclusion." The admissions and representations of an agent are not competent evidence against his principal, unless made with respect to a matter within the scope of his authority, in reference to the subject-matter of his agency, and at the time of the transaction to which they refer, and while engaged in it, or so soon thereafter as to be virtually a part of it. Mechem, Agency, section 714; 1 Am. & Eng. Enc. Law (2d ed.), 691 *et seq.; Phelps v. James,* 86 Iowa, 398; *Verry v. Railroad Co.,* 47 Iowa, 549; *Treadway v. Railway Co.,* 40 Iowa, 526; *Osgood v. Bringolf,* 32 Iowa, 265. Statements which are mere narration of a past event are not competent. *Yordy v. Marshall County,* 86 Iowa, 340; *Sherman v. Railroad Co.,* 106 N. Y. 542 (13 N. E. Rep. 616).

The appellee, Bradford, contends that the testimony in question was only designed to show that there was an agreement which required the defendant bank to apply enough of the proceeds of the sale to pay the note in suit, not to show negligence. But we do not

think the record shows that such was the case. Neither the question nor the answer objected to referred to any agreement, but the question did refer specifically to negligence. It is said that the conversation in question related to a part of the transaction in question which had not been closed, and, therefore, that the statement made by Tiede was a part of the *res gestæ*. The conversation in which the statement in question is alleged to have been made, took place on the day Tiebe settled with Bridge, but after the settlement had been effected. At that time only thirty-five dollars subject to the control of Bridge remained in the bank, and the payments from the proceeds of the sale of which the receiver complains were chiefly, if not wholly, made before that time. Certainly there was not a sufficient amount of the proceeds of the sale remaining with the bank to pay the note when the settlement was made. Therefore, the statement of Tiede in controversy, if made, related to past transactions. It may be that, had he merely stated the amount of the proceeds received, the payments made from them, and similar facts, in view of the circumstances of the case, his statements would have been within the scope of his employment, and therefore binding upon his principal. But the statement he is alleged to have made was his opinion or conclusion, based upon facts known to him, and not a statement of facts. It was in the nature of an admission of liability, which is the gist of the plaintiff's cause of action, and cannot be regarded as a mere declaration of a fact which he was authorized to make. Whether the bank had been negligent depended upon what agreement, if any, the bank had made, its knowledge of the proceeds of the sale, the payments therefrom which it made, and its right and ability to appropriate enough of the proceeds to pay the note in question. It is urged that the business of the bank was transacted by Tiede; that he was its chief officer, and more than a mere agent.

It is true that he was active in the management of the affairs of the bank, and was invested with large powers and a large discretion in the discharge of his duties. He was not, however, the bank, but its agent, subject to the rules which govern agents, and it is not shown that he was authorized to confess liability on the part of the bank. His opinion as to what constituted negligence was inadmissible. *Brant v. City of Lyons*, 60 Iowa, 174; 16 Am. & Eng. Enc. Law, 462, and note.

It is said, however, that if the answer in question was erroneously admitted, the error was waived, for the reason that in response to the next question, to which there was no objection, the answer was, in substance and effect, repeated. It is not true, however, that a party waives an objection by merely failing to object to evidence of the same character subsequently offered. On the contrary, it is the general rule that an exception to the erroneous admission of evidence is not waived by the failure to object to the subsequent introduction of evidence of the same kind. If an objection to improper evidence is once duly stated to the court, and overruled, an exception is taken, and the evidence is admitted, the exception is as effectual to preserve the objection as though it were many times repeated. If the court, upon due consideration, has once overruled an objection to evidence, there is ordinarily no good reason for again presenting it for further consideration. It was said in *Jordan v. Kavanaugh*, 63 Iowa, 155, that "when a party has once properly made his exception to an adverse ruling, he does not waive it by failing to except to some other decision which involves the same question." In *Oppenheimer v. Barr*, 71 Iowa, 529, several witnesses gave incompetent evidence in regard to the character of one Oppenheimer. Objections were made to some of the testimony when it was given, but no objection was made to other portions of it as it was offered: This court said: "It was the

class of evidence which was objected to, and we do not think that it should be required that the defendants should object to every question and answer, and that, if there was any omission in this regard, they should be held to have waived objections. If that course had been pursued in this case, the time of the court would have been taken up in unseemly interruptions, and in rendering and repeating rulings, which would have the appearance of repetitions." In *Dilleber v. Insurance Co.*, 69 N. Y. 260, it was said: "When, upon a trial, an objection has once been distinctly made and overruled, it need not be repeated to the same class of evidence. The rule in such cases has been laid down, and should be observed in the further progress of the trial, without further vexing the court with useless objections and exceptions. Nothing is waived by conforming to the rule laid down." In *McKinnon v. Gates*, 102 Mich. 618 (61 N. W. Rep. 74), the court held that certain evidence for the plaintiff was erroneously admitted, and then said: "It is, however, insisted that other evidence of this character was afterwards introduced without objection; that the defendant introduced evidence to controvert it; and that this cured the error. This is not the law. One ruling upon the point by the court was sufficient, and the defendant had the right to rest upon such ruling, and to meet the evidence by counter proof, without waiving the error." The rule we have stated finds ample support in other authorities See *Church v. Howard*, 79 N. Y. 421; *In re Eysaman*, 113 N. Y. 71; *Sharon v. Sharon*, 79 Cal. 633 (22 Pac. Rep. 36, 131); *Whitney v. Traynor*, 74 Wis. 289 (42 N. W. Rep. 269); *Gilpin v. Gilpin*, 12 Colo. 516 (21 Pac. Rep. 612); *Railroad Co. v. Gower*, 1 Pickle (Tenn.), 465 (3 S. W. Rep. 824); 3 Jones, Evidence, section 897; Underhill, Evidnce, section 367; Bradner, Evidence, page 499, section 11; 1 Thompson, Trials, section 705.

It is said, however, that the appellant waived his right to complain of the evidence in question, for the reason that similar testimony had been erroneously given by another witness. The facts appear to be that Bradford had testified that Tiede, during the conversation concerning which Smith testified, said to him: "Scott, I do feel that I have been negligent in that matter, and that the note ought to have been paid." No objection whatever was made to that testimony. Tiede was afterwards called as a witness by the defendant, and denied that he had made the statement to which Bradford testified. After the defendant rested, Smith was examined in rebuttal and testified as already shown. The question presented for our consideration, on the facts stated is, Did the defendant waive its right to object to the incompetent evidence which Smith gave by failing to object to Bradford's evidence to the same effect. There are numerous authorities which hold that a party waives his right to object to improper evidence by consenting that it be introduced, or by introducing similar evidence in his own behalf. But where a party objects to incompetent testimony, which is, nevertheless received, he does not waive his objection by cross-examining the witness respecting the objectionable testimony, nor by introducing evidence to rebut it. *Laver v. Hotaling*, 115 Cal. 613 (46 Pac. Rep. 1070; 47 Pac. Rep. 593); *Scarbrough v. Blackman*, 108 Ala. 656 (18 South. Rep. 735); *Martin v. Railroad Co.*, 103 N. Y. App. 626 (9 N. E. Rep. 505); *Railroad Co. v. Crocker*, 95 Ala. 412 (11 South. Rep. 262); *Lyon v. Lenon*, 106 Ind. 567 (7 N. E. Rep. 311); *Barker v. Railway Co.*, 126 Mo. 143 (28 S. W. Rep. 866); *Marsh v. Snyder*, 14 Neb. 237 (15 N. W. Rep. 341). There are also numerous cases which hold that the introduction of improper evidence will not constitute reversible error, where other evidence of the same character is admitted without objection. *State v.*

*Eifert*, 102 Iowa, 188; *Butler v. Railroad Co.*, 87 Iowa, 207; *Baltimore & O. R. Co. v. State*, 81 Md. 371 (32 Atl. Rep. 202); *Railway Co. v. Huffman* (Tex Civ. App.), 32 S. W. Rep. 30; *Washington Bridge Co. v. Land & River Imp. Co.* 12 Wash, 272 (40 Pac. Rep. 982); *Hickman v. Layne*, 47 Neb. 177 (66 N. W. Rep. 298); *Railway Co. v. Garteiser*, 9 Tex. Civ. App. 456 (29 S. W. Rep. 941); *Railway Co. v. John*, 9 Tex. Civ. App. 342 (29 S. W. Rep. 558). In none of the cases of that character to which our attention has been called does it appear that any attempt was made to disprove what the evidence, admitted without objection, tended to establish; therefore, the exclusion of other evidence to prove what was not disputed could not have been prejudicial. This case is not within the rule which controls in such cases. It does not appear that the defendant agreed to or was in any manner responsible for the introduction of the evidence in question. It had not offered evidence of that kind, and the mere fact that it did not object to the testimony of Bradford did not estop it to object to similar testimony offered subsequently. It may have been willing to waive objections, as it did to Bradford's testimony, and unwilling to have any other of the same character admitted. In view of the fact that Bradford alone had testified to the alleged statement of Tiede, and that the latter denied having made it, the natural and probable effect of Smith's testimony was prejudicial to the defendant. We are of the opinion that it waived objection to Bradford's testimony only; that it did not waive the right to object to the testimony of Smith; and that the objection thereto should have been sustained. The authorities which can be regarded as applicable to the rule under consideration do not appear to be numerous. In *McLane v. Paschal*, 14 Tex. 20 (11 S. W. Rep. 837), it was held that the introduction of immaterial evidence, without objection, to prove a certain fact, "furnished no reason for the admission of

such evidence when properly objected to," and that, we think, should be the general rule. The mere silence of a party, when incompetent evidence is offered, should be treated as a waiver of objection to the particular evidence offered only, and not as a waiver of objections to all evidence of the same kind or character, which may be offered subsequently.

V. On the final settlement made by the defendant bank with Bridge, thirty-five dollars were left by him with the bank, and he paid to it thereafter a small amount, making fifty-three dollars and five cents in the aggregate, which he directed the bank to apply in part payment of the note in suit. Tiede states that the amount was offered to the receiver, but that he declined to accept it. The answer pleads a tender of that amount, and a readiness on the part of the bank to pay it to the receiver, but the receiver has not accepted the tender thus made. The court charged the jury that the plaintiff was entitled to recover the amount of the tender without evidence. The appellant complains of that ruling, on the ground that the receiver seeks to recover on account of its alleged negligence, and that, as it had not been negligent with respect to the amount it had collected, no recovery for such amount is authorized. The receiver demands a recovery for the full amount of the note, and the statement of the defendant bank that it has collected and is ready to pay on the note the amount stated, should be given the effect of an admission of liability to that extent, and the court properly charged the jury that the receiver was entitled to recover that amount. The court also charged the jury to allow interest on the amount under consideration from the date it was paid to the bank to the time of the trial. In view of the disposition we find it necessary to make of this case, it is only necessary to say, in regard to this, that, if the bank tendered, without condition, the

amount as claimed, and has kept that tender good, it should not be required to pay interest upon the amount so tendered. The liability of the receiver and of the defendant bank for costs on account of the amount tendered is not involved in this appeal. For the error of the district court in admitting objectionable testimony, to which objection was made, its judgment is REVERSED.