NEW BRITAIN MACH. CO. et al. v. WATT.
(No. 5536.)

(Court of Civil Appeals of Texas. San Antonio.
Dec. 1, 1915.)

1. RECEIVERS ⊚⟶59—APPOINTMENT—COLLATERAL ATTACK.

The propriety or legality of a receiver's appointment cannot be questioned, nor can his eligibility be attacked in any subsequent proceeding, since that would be a collateral attack upon the validity of the appointment.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 103, 104; Dec. Dig. ⊚⟶59.]

2. RECEIVERS ⊚⟶163—PAYMENT AND DISTRIBUTION—COLLATERAL ATTACK.

An order directing the payment and distribution of the funds in the possession of a receiver cannot be collaterally attacked.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 312–316; Dec. Dig. ⊚⟶163.]

3. RECEIVERS ⊚⟶139 — ATTACK ON SALE — FRAUD.

The sale of property by a receiver may be set aside for fraud and collusion or inadequacy of price, and it would evidence fraud for a receiver to purchase or be interested in purchasing at his sale of the property.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 243, 244; Dec. Dig. ⊚⟶139.]

4. RECEIVERS ⊚⟶139—SALE BY RECEIVER—ATTACK—FRAUD—PLEADING AND EVIDENCE.

Allegations on a motion to set aside a receiver's sale that the price received, being the highest bid therefor, was materially inadequate, being several thousand dollars less than the price the movant offered for the property if ordered sold to him at private sale, formed a sufficient basis for the introduction of evidence upon the issue of inadequacy of price.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 243, 244; Dec. Dig. ⊚⟶139.]

5. RECEIVERS ⊚⟶139—SALE—NOTICE—OBJECTION.

Evidence is admissible on motion to set aside a receiver's sale alleging that proper notices of the sale had not been given.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 243, 244; Dec. Dig. ⊚⟶139.]

Appeal from District Court, Kleberg County; W. B. Hopkins, Judge.

Objection by the New Britain Machine Company and others to a sale by R. F. Watt, receiver, and to the action of the receiver in paying himself the salary fixed by the court. Sale and order confirmed, and the objectors appeal. Reversed, and cause remanded.

T. Wesley Hook, of Kingsville, for appellants.

FLY, C. J. This is an appeal from two orders of the district court, one being a confirmation of a sale made by the receiver, and the other an order confirming the action of the receiver in paying himself the salary fixed by the court. Demurrers were sustained to pleadings attacking the sale and order confirming the payment of the salary. The receiver was appointed by the court, and it must be presumed that such appointment was legally made, and that the receiver has duly qualified.

[1, 2] Appellants seek to indirectly and collaterally attack the appointment of the receiver, which attack cannot be permitted or sustained. Where a receiver has been appointed, the propriety or legality of the appointment cannot be questioned, nor can the eligibility of the receiver be attacked in any subsequent proceeding, because that would be a collateral attack upon the validity of the appointment. High on Receivers, § 39b; Eichman v. Hersker, 170 Pa. 402, 33 Atl. 229; National Bank v. State Bank, 104 Iowa, 682, 74 N. W. 26. So an order directing the payment and distribution by the receiver of the funds in his possession cannot be questioned collaterally. Platt v. Railway, 170 N. Y. 451, 63 N. E. 532.

There is no allegation in the petition that shows that the appointment of the receiver was void, but mere irregularities are set up which might have rendered the appointment voidable in a proper proceeding to set aside the appointment.

[3] Sale of property by a receiver may be set aside for fraud and collusion or inadequacy of price. It would evidence fraud for a receiver to purchase or be interested in purchasing at a sale of property made by him. High, Receivers, §§ 193–199d.

[4] In the motion to set aside the sale it was alleged:

"The price received for the said property, being the highest bid therefor, is inadequate, and very materially so, it being several thousand dollars less than the price the undersigned offered for the said property should the same be ordered sold to them at private sale as per their offer filed herein in connection with their motion to set aside the order of sale made by your honor on October 1, 1914, directing the receiver herein to make a sale of personal property of said corporation, said company."

If the facts alleged in that paragraph are true, the sale should have been set aside. It formed a sufficient basis for the introduction of evidence, but the court sustained a demurrer to it and would not hear evidence on the subject.

[5] Not only was it alleged that the property was sold at a grossly inadequate price, but it was alleged that proper notices were not given of the sale. This was a matter upon which evidence should have been heard. High, Receivers, § 198; Deford v. Macwatty, 82 Md. 168, 33 Atl. 488.

The judgment is reversed, and the cause remanded.