(Decided December 20th, 1877.)

---

GEORGE F. GEPHART *vs.* WILLIAM P. STARRETT, and others.

### JURISDICTION.

*Special Jurisdiction—Provisions of law conferring special Jurisdiction must be strictly complied with—Character of Jurisdiction determined by the character of the proceedings— Approval of bonds required by law to be approved by a Judge of the Court—May be approved after commencement of proceedings—Such approval not a condition precedent to power of the Court to proceed with the cause.*

Whenever the law imposes upon a Court a *special jurisdiction*, the provisions of the law must be complied with strictly.

The character or nature of the jurisdiction conferred, whether legal or equitable, is determined by the character or nature of the proceedings authorized in the cases over which the special jurisdiction is given.

Where the proceedings are to be instituted by petition, rather than by summons, and the exercise of summary powers, such as the appointment of a receiver, is granted, these all indicate beyond doubt that the proceeding is in the nature of a proceeding in equity rather than at law.

Gephart *vs.* Starrett, *et al.*

Though a law requires the bond of a receiver to be approved by the Court or Judge thereof, yet, unless that provision is made a condition precedent, to be complied with before the Court can act in the premises, it is clearly only directory, and the subsequent action of the Judge approving the bond "*nunc pro tunc*" would be clearly within his legal authority and would cure every objection to which the bond might have been liable on account of the want of his approval.

APPEAL from the Circuit Court for Allegany County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., ALVEY, MILLER, STEWART and BOWIE, J.

*Ferdinand Williams,* for appellant.

*Wm. Brace* and *Benj. A. Richmond,* for appellees.

BOWIE, J., delivered the opinion of the Court.

This case arises under Art. 1 of the Public Local Laws of the State, title "Allegany County," sub-title "Manufacturers and Miners." *Secs.* 99 *to* 103.

These sections enact, "that if any individual, association or body corporate engaged in mining or manufacturing in Allegany County, shall be indebted to the persons in their employ or to furnishers of any raw material, in the aggregate sum of $25, and shall neglect or refuse to pay the same for the space of thirty days, the Circuit Court for said county, or the Judge thereof in vacation, shall, upon the petition of the employés, or furnishers of raw material etc., appoint a receiver to take charge of the affairs of such individual, etc., with a view to their liquidation and settlement under the authority of the Court." *2nd Code Pub. Loc. Laws,* 28, 29.

"The defendant in said petition shall have a right to answer the same and deny the facts therein stated, and the issue shall be tried by the Court at the term to which such petition shall be presented, or at the next term of the Court, if the petition be filed in vacation; but no demurrer or plea in abatement shall be allowed, nor shall the same on any account be postponed." *Sec.* 100, *ibid.*

"The receiver is required to give bond in a penalty, and with security approved by the Court or Judge and he shall be bound and held liable for every default, negligence or malfeasance in office." *Sec.* 101.

The receiver is required to take charge of all the personal estate of the debtor, to collect the evidences of debt due him, sell and dispose of, on such terms as the Court shall direct, the goods and chattels, and to pay off and discharge the debts *"pro rata,"* and it is declared there shall be no priority or preference in the payment of such claims, and no attachment, execution, mortgage, &c., shall operate as a lien on said property to the prejudice of the employés, but the same shall be first fully paid, etc.

The appellants, citizens of Allegany County, claiming to be creditors of one Larned & Hays, who carried on the business of manufacturing iron castings in the City of Cumberland, as employés of said firm, filed their petition on the 4th of April, 1877, in the Circuit Court for Allegany County, as a Court of equity, alleging the indebtedness of said firm to them, in large sums, amounting to more then twenty-five dollars, which had been due more than thirty days; that the defendants were possessed of a large amount of personal property : that Larned had absconded and left the country, and Hays refused to take charge of and protect the property, so that it was in danger of being lost, etc., wherefore they prayed that a receiver be appointed, and summons issued for the defendants, pursuant to *Art.* 1, *Code of Pub. Loc. Laws, secs.* 99 *to* 103, *etc.*

On this petition the Circuit Court for Allegany County, on the sixth of April ensuing, passed an order appointing a receiver, directing them to sell, etc., and requiring him before proceeding to act, to give bond with a surety to be approved by the Court or *the clerk thereof*, conditioned for the faithful performance of the trust reposed in him. Subpœnas were ordered to be issued for the defendants, which being done, they were returned " summoned " as to Hays, "*non est*" as to Larned.

Hays filed his answer disclaiming all interest in the premises. The receiver filed his bond, with surety approved by the clerk. The receiver having taken possession and sold the property referred to in the petition, reported his proceedings to the Court on the 25th of May, which being referred to the auditor, an account was stated distributing the proceeds of sale "*pro rata*," to which George Gephart, the appellant excepted.

The exceptions to the auditor's report are as follows, viz.,

1st. That the property sold by the receiver was not the property of Larned, but the property of Gephart, the exceptant.

2nd. The fund in Court was not subject to distribution under its order, because the bond of the receiver was not approved by the Court or a Judge thereof, but by the clerk, and no notice appears to have been served on the defendant, Larned, of the filing of the petition.

3rd. Because the claims allowed by the auditor were not properly proven.

These exceptions do not directly involve the question of jurisdiction, and it does not appear from the record any such question was raised below ; the learned Judge who decided the case took up the exceptions and disposed of them *seriatim*, without alluding to the question of jurisdiction.

The points made by the appellant's *brief* are, that the proceedings are " *coram non*," because the provisions of

Art. 1, sec. 99, etc. of the Pub. Loc. Laws, confer a special jurisdiction on the Court, and the requirements of the law have not been strictly complied with, viz.,

1st. That the proceeding should have been instituted in the " Circuit Court," as a Court of law and not as a ·" Court of equity."

2nd. That the proceedings were " *ex parte* " and with.out notice.

3rd. The bond of the receiver was not approved by the Court or a Judge thereof.

The principle upon which the first objection is founded is so generally recognized as to be almost elementary, and if well taken this objection would be decisive.

The judicial power of the State is distributed by the Constitution among the Courts therein described as " The Court of Appeals," " Circuit Court," " Orphans' Court," etc. (*Vide Constitution of Md., Art.* IV, *secs.* 1 *and* 3.) When the Legislature imposes a judicial duty upon the " Circuit Courts," without other qualification, that duty is to be exercised according to its nature or character, by the " Circuit Court " as a Court of law, or as a Court of equity. The nature of the duties imposed by Art. 1, sec. 99, of the Pub. Loc. Laws, on the Circuit Court of Allegany County, in relation to miners and manufacturers, was that of a Court of equity rather than a Court of law. The mode in which the proceeding was to be instituted, by petition rather than summons ; the summary powers to be ·exercised ; the appointment of a Receiver, all indicate beyond doubt, that the Circuit Court, as a Court of equity, was the proper tribunal in which to initiate and conduct the proceedings.

The practice, we believe, has been in accordance with this view.

The case of *Avery, et al. vs. Everett, Adm'r of Tough,* was instituted in the Circuit Court for Allegany County, as a Court of equity, by a bill praying for an Injunction

and Receiver, and relief under the 1st Article of the Code of Pub. Loc. Laws, secs. 99 to 103. (*Vide Everett vs. Avery*, 19 *Md.*, 136.) Although the cause was argued very fully by able counsel on each side, no objection was taken to the jurisdiction of the Court below, and the Court sustained the prayer of the complainants, which decree was affirmed in this Court after mature consideration, for the reasons assigned by the Judge below, in the opinion pronounced by him. In the case of *Miller, et al. vs. The Cumberland Cotton Factory*, instituted under the Act of 1847, ch. 228, a local law for Allegany County, containing almost identical provisions with those of the Code of Pub. Loc. Laws, the petition was filed in the *Circuit Court* for Allegany County, (as a Court of law,) it was urged on appeal to this Court, "that these cases were properly cognizable on the equity side of the Court, but this Court held the petitioners were not entitled to their lien upon other grounds, and it was unnecessary to enquire whether the proceedings were on the equity or law side of the Court, or might be enforced under its general or special jurisdiction." (*Miller & Co. vs. Cumberland Cotton Factory*, 26 *Md.*, 478, 495.)

The jurisdiction of the Court being, we think, unquestionable, the next inquiry is, whether the proceedings were regular.

It must be conceded that the law required the Receiver's bond to be approved by the Court or a Judge thereof, but that provision is not a condition precedent, to be complied with before the Court could act in the premises, but is clearly directory, and the subsequent action of the Judge, in correcting his error in the order of appointment, by approving the bond "*nunc pro tunc*," was clearly within his legal authority and cured every objection to which the bond was liable on that account.

The objection of want of notice to the defendant, Larned, is not tenable.

The filing of the petition and issuing of the summons was constructive notice, statutory, if not actual notice.

All our process against absent or absconding debtors and non-resident defendants is founded upon the same principle.

The proceeding is "*in rem*" as well as *in personam,* constituting a *quasi* local Bankrupt Act.

The law contemplates the Receiver shall take charge of the affairs of the defendants, with a view to their liquidation and settlement, under the authority of the Court.

The order of distribution is fixed by the Code in most imperative terms, "to each *a pro rata* proportion of his claim," excluding all attachments, executions, mortgages, bonds, deeds, bills of sale, deeds of trust, or other lien, except mechanics' lien.

The exceptant comes within the excluded class and cannot be admitted to the prejudice of the employés, without disregard to the plainest provisions of the Code of Pub. Loc. Laws. Full proof of the claims having been made under an order of the Court issuing a commission for that purpose, and the objections on that account withdrawn, the order of the Court ratifying the audit and overruling the exceptions of the appellant, is affirmed with costs to the appellees.

*Order affirmed.*

(Decided January 11th, 1878.)