### HAMILTON v. SIMON et al.

#### (Circuit Court, S. D. New York. March 5, 1910.)

1. Corporations (§ 261*)—Insolvency—Assessments on Stockholders—Notice.

Under a statute relating to the assessment of stockholders of an insolvent corporation, providing that notice of the hearing shall be sent to the stockholders by publication or otherwise as the court in its discretion may deem proper, a provision in the order of the court directing notice of assessment to be given to each stockholder was surplusage.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 261.*]

---

**2.** CORPORATIONS (§ 261*)—INSOLVENCY—ASSESSMENTS ON STOCKHOLDERS—NO-
TICE.

Where an order of assessment of stockholders of an insolvent corpora-
tion directed the receiver to give notice to every stockholder whose name
and address is known to him, a copy of the order addressed to defendants
under their firm name at "New York, N. Y.," without street or number,
is a sufficient compliance with the order.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 261.*]

**3.** CORPORATIONS (§ 261*)—INSOLVENCY—ASSESSMENT OF STOCKHOLDERS—DE-
MAND.

A demand by the receiver of an insolvent corporation is not necessary
as matter of law to enable him to maintain an action against stockholders
on an assessment against them.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1074; Dec.
Dig. § 261.*]

**4.** CORPORATIONS (§ 261*)—INSOLVENCY—ASSESSMENT ON STOCKHOLDERS—NO-
TICE OF HEARING—PROOF.

In an action by a receiver of an insolvent corporation on an assessment
against stockholders, common-law proof of notice of hearing on the mak-
ing of the assessment is not necessary, since personal service on the
stockholders is not necessary.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 261.*]

**5.** CORPORATIONS (§ 253*)—INSOLVENCY—PROCEEDINGS—OPERATION AND EF-
FECT.

The recitals of the roll and the whole record of proceedings to have
**a** corporation declared insolvent, and an assessment made against the
stockholders, are admissible against the stockholders in an action by the
receiver on the assessment.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1024; Dec.
Dig. § 253.*]

**6.** CORPORATIONS (§ 558*)—INSOLVENCY—RECEIVER—BOND AS PREREQUISITE TO
ACTION.

Where the receiver of an insolvent corporation filed his bond in time,
the fact that it was not approved by a judge of the court until the re-
ceiver had commenced an action on an assessment against the stock-
holders did not preclude his right as receiver to recover the assessment
in that action after the approval of the bond; it being a question, in any
event, for the courts of the state where the insolvency proceedings were
taken, whether the creditors of the corporation were sufficiently protected.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 558.*]

**7.** CORPORATIONS (§ 559*)—INSOLVENCY—RECEIVERS—APPROVAL OF BOND.

The regularity of the appointment of a receiver of an insolvent cor-
poration is not affected by the failure of the judge to approve his bond
at the proper time, or, at least, his appointment under such circumstances
could not be questioned collaterally by a federal court in which the re-
ceiver brought an action on an assessment against the stockholders.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2241; Dec.
Dig. § 559.*]

**8.** CORPORATIONS (§ 558*)—INSOLVENCY—RECEIVERS—BOND—APPROVAL NUNC
PRO TUNC.

The bond of a receiver of an insolvent corporation having been filed
in time could be approved by the court nunc pro tunc; approval by the
court not being necessary to the validity of the bond.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 558.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**9. CORPORATIONS (§ 47*)—CHANGE OF NAME—EVIDENCE.**

Under Gen. St. Minn. 1894, §§ 2593, 2595, 3400, requiring the consent of two-thirds of the stockholders present at any regular meeting to the change of name of the corporation, where the minute book of the corporation shows that 1,490 of the shares out of 1,500 were present at the stockholders' meeting and voted for a change, it will be presumed that the meeting was regularly called.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 134, 135; Dec. Dig. § 47.*]

**10. CORPORATIONS (§ 47*)—CHANGE OF NAME—EVIDENCE.**

Under Gen. St. Minn. 1894, §§ 2593, 2595, 3400, requiring the consent of two-thirds of the stockholders at any regular meeting to the change of name of a corporation, the recording of the change in two public offices and the publication in a certain newspaper, the affidavit of publication being thereafter filed, common-law proof of such publication by the testimony of the printer is not required in a subsequent action in which the question is involved.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 134, 135; Dec. Dig. § 47.*]

**11. CORPORATIONS (§ 263*)—INSOLVENCY—PROCEEDINGS—COLLATERAL ATTACK.**

That stockholders in an insolvent corporation were set down in the list of stockholders for 50 shares of the par value of $5,000, the correct amount being 25 shares of the value of $2,500, if an irregularity, is not jurisdictional, and cannot be raised in an action in the federal court by the receiver appointed in a state court, but should be made directly in the state proceedings.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 263.*]

**12. CORPORATIONS (§ 248*)—INSOLVENCY—ASSESSMENT OF STOCKHOLDERS.**

A stockholder of an insolvent corporation must pay all assessments on a judgment against him in full until so much is paid that the court is fully satisfied that the dividend coming to him on his claim as creditor will fully pay the balance that will be due from him on the further assessments on the judgment against him, when the court may order the collection of further assessments stayed.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 248.*]

**13. CORPORATIONS (§ 249*)—INSOLVENCY—ASSESSMENT     OCKHOLDERS—SET-OFF.**

A stockholder of an insolvent corporation against whom an assessment is made, who holds a claim against the corporation, must assert his claim in the state court in which the assessment is made, and cannot do so in an action by the receiver in the federal court on the assessment.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1009; Dec. Dig. § 249.*]

Action by Charles E. Hamilton, as receiver of the Evans-Johnson-Sloane Company, against Jacob Simon and others, copartners, doing business under the firm name of Chas. Simon's Sons. Judgment for plaintiff.

This is an action by the receiver of a Minnesota corporation to recover $2,500 and interest which is the par value of 25 shares of stock held by the defendants in the corporation. Proceedings were taken in the state of Minnesota, and under chapter 272 of the Laws of 1899, to have the corporation declared insolvent, and to have the amounts due upon the stock ascertained and assessed against the stockholders. Everything was done in accordance with the provisions of that statute, and the defendants' stock was assessed its full value of 100 per cent. Thereafter the receiver brought this suit to recover judgment upon the assessment, and put in evidence the proceedings in the

suit in Minnesota under the statute, and also the proceedings of the corporation itself to change its name. At the time the defendants had taken the stock the company's name was Evans-Munzer-Pickering Company, but subsequently, and on the 10th of May, 1904, by proceedings taken under the Minnesota statute, its name was changed to Evans-Johnson-Sloane Company.

The defendants in their brief filed in this court raise six points of defense only, as follows: First, that there was no proof of notice of the assessment after it was made, and therefore no demand for payment of the assessment; second, that the proof of service of the notice of the hearing upon which the assessment was to be made is absent, it being only by affidavit filed in the suit in Minnesota stating that the notices had been mailed; third, that the plaintiff is not a properly qualified receiver of the insolvent corporation; fourth, that the name of the company was never changed to the Evans-Johnson-Sloane Company, and the defendants therefore have not been shown to be stockholders of that company; fifth, that the defendants were not included as stockholders to the extent of 25 shares, and that the order of assessment did not affect them; sixth, that the defendants are entitled to common-law proof of all the facts on which their liabilities were based and to set off a claim for merchandise, as creditors.

H. V. Rutherford, for plaintiff.
Chas. L. Hoffman, for defendants.

HAND, District Judge (after stating the facts as above). None of the points raised by the defendants have any merit, and after the case of Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163, in which this particular statute was fully adjudicated by the Supreme Court, I have nothing to do but direct judgment for the plaintiff. However, I will take up seriatim the different points which they raise upon their brief, some of the points raised in the answer having been abandoned.

First. It is quite true that there is no evidence in the record of the proceedings in the Minnesota district court that the notice of the assessment was ever mailed to the defendants at their street and number, though the order of assessment itself directs the receiver to give notice of this order "to every stockholder of said defendant whose name and address is known to said receiver." In compliance with this the receiver caused to be mailed a copy of the order addressed as follows: "Chas. Simon's Sons, New York, N. Y." This was sufficient for several reasons: In the first place there is no provision in the statute that notice of assessment shall be sent to the stockholders. Section 2 does provide that notice of the hearing shall be sent to the stockholders "by publication or otherwise as the court in its discretion may deem proper." The provision in the order directing notice of assessment to be given to each stockholder was therefore surplusage. It was undoubtedly made in reasonable consideration for the stockholders, but it was not essential, nor does the order prescribe what the notice shall be, or how it shall be sent except by mail. It does not follow that the notice actually sent was not in conformity with the intention of the order which does not prescribe that the address shall be by street and number. A demand was not necessary as matter of law.

Second. It is quite true that the fact of service of the notice of hearing was not proved by common-law proof, and if that be necessary the complainant fails. The defendants, however, do not understand the character of the proceeding. Were it not that the defendants as stock-

holders could be made parties to the proceeding in Minnesota without personal service, the whole proceeding would be void. As a matter of fact it is perfectly well settled that no personal service is necessary. Hawkins v. Glenn, 131 U. S. 319, 329, 9 Sup. Ct. 739, 742, 33 L. Ed. 184. In that case the Chief Justice said:

"The stockholder is so far an integral part of the corporation that in the view of the law he is privy to the proceedings touching the body of which he is a member"—

and further he cited from Sanger v. Upton, 91 U. S. 56, 58, 23 L. Ed. 220, the following language:

"It was not necessary that the stockholders should be before the court when it (the order) was made, any more than that they should have been there when the decree of bankruptcy was pronounced." See, also, Howarth v. Lombard, 175 Mass. 570, 577, 56 N. E. 888, 49 L. R. A. 301.

If the stockholders are bound by the order without personal service, and if they are already parties to the proceeding when their corporation is a party, they are necessarily bound by the proceedings in the suit; and, being privy to the proceedings, the recitals of the roll and the whole record of the proceedings likewise are admissible against them. If the proceeding therefore appears upon its face to be regular and in accordance with the Minnesota statute, they are as much bound by its recitals, as they are bound by the decree itself. If the roll therefore appears upon its face to have been regular, and the formalities prescribed to have been observed, it is enough. The defendants, who concede that they were in fact stockholders, became bound by the proceedings as though formal parties.

Third. The plaintiff as receiver filed his bond in time, but it was not approved by a judge of the court until after this action was begun. On July 9, 1909, upon petition and order the bond was approved nunc pro tunc, and the plaintiff objects that the receiver was never qualified. This point has two aspects: First, that as receiver he is not now entitled to receive these proceeds; second, that he never was a regularly appointed receiver at all. The answer to the first is that the bond has now been approved, and, in any event, it is a question for the courts of the state of Minnesota whether the creditors of this company are sufficiently protected. In its other aspect the objection is not good, because in the first place, even without any approval of the bond, the receiver would be regularly appointed, or at least his appointment could not be questioned by this court collaterally. Metropolitan National Bank v. Commercial State Bank, 104 Iowa, 682, 74 N. W. 26; Whittlesey v. Frantz, 74 N. Y. 456. In any event I regard the approval of the bond as something which may be done nunc pro tunc. Gephart v. Starrett, 47 Md. 396; Whiteside v. Prendergast, 2 Barb. Ch. (N. Y.) 471. The requisite security was given when the bond was filed; nor was the court's approval necessary to its validity. All that the approval did was to indicate that the bond had conformed to the law. I am quite satisfied that it related back to the date of filing.

Fourth. The name of the corporation was changed after the defendants got their stock. If the change was not regular and authorized, it may be that the notice of hearing served under the statute was not

adequate, as it gave no notice in the name of this corporation. I do not mean so to decide, because I think the proof sufficient of the change of name under the Minnesota statute. Sections 3400, 2593, 2595, Gen. St. 1894. That requires the consent of two-thirds of the stock-holders present at any regular meeting, the recording of the change in two public offices, and the publication in a certain newspaper, the affidavit of publication being thereafter filed. The minute book of the corporation was put in evidence showing that 1,490 common shares out of 1,500 at a stockholders' meeting were present and voted for the change. I must presume that the meeting was regularly called. The proof of recording the change in two public offices was made by exemplified copies of the record, and of publication by exemplified copies of the affidavits of publication in the Secretary of State's office. As to the exemplified copies of the record no question can arise, except upon the regularity of the exemplification which the defendants do not question in their brief. They do say that there must be common-law proof of publication, but the only common-law proof would be the testimony of the printer or publisher. Where the statute provides that there must be an affidavit of publication and that affidavit shall be filed in a public office, it becomes a public document, and is there-upon entitled prima facie to be taken as true. Grace v. Browne, 86 Fed. 155, 29 C. C. A. 621. It would be extraordinary to require the viva voce testimony of the printer in order to prove such a thing as this; nor do I think it in the least necessary.

Fifth. The defendants are set down in the list of stockholders for 50 shares of the par value of $5,000. Assuming that this failure to state their ownership as of $2,500 is an irregularity, it is one which was not jurisdictional, and was an irregularity in the Minnesota proceedings. It is not open to objection here, and, if any correction were to be made, it would have had to be made directly in that proceeding.

Sixth. The defendants' last point is that they are entitled to common-law proof throughout of the steps in the proceedings in Minnesota. The New York cases cited are not in accord with the decisions of the Supreme Court, and I am therefore bound not to follow them. I have already tried to show that under the theory of these cases the stockholders are regarded as privies to the proceedings, and bound by whatever took place under them. Hence the record proves itself, once the defendants are shown to be stockholders.

Under this sixth point the defendants also claim that they have the right to set off the debt of the corporation to them for merchandise. As to this point the proper rule is laid down in Harper v. Carroll, 66 Minn. 487, 505, 506, 69 N. W. 610, 618, in which it is declared that:

"The stockholder must pay all assessments on the judgment against him in full until so much is paid that the court is fully satisfied that the dividend coming to him on his claim as creditor will fully pay the balance that will be due from him on the further assessments on the judgment against him, when the court may order the collection of further assessments against him stayed."

It is quite obvious that the proper course for the defendants was, and indeed now is, to intervene in the proceeding in Minnesota, and obtain in their favor the modification indicated in that opinion. It is

also quite apparent that the judgment having gone against them there, I cannot consider the matter here.

Judgment is directed for $2,500, with interest from October 4, 1906.