**BANK OF WARE SHOALS v. MARTIN.**

District Court, S. D. New York.

June 25, 1936.

Harrison, Elliott & Byrd, of New York City (William Byrd, of New York City, of counsel), for plaintiff.

Parsons, Closson & McIlvaine, of New York City (Benjamin E. Messler and Theodore C. Richards, both of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This is an action in aid of an equity proceeding in the United States District Court for the Western District of South Carolina, the location of the National Bank of Honea Path, to enforce the liability of the defendant as a nonresident stockholder of said bank. The statutes relied upon (12 U.S.C.A. §§ 64, 65) fix the liability of stockholders of national banks, and provide the manner in which such liability may be enforced.

The complaint in the instant case alleges, among other things, that prior to the institution of this suit plaintiff, a creditor of the National Bank of Honea Path, hereinafter referred to as the banking association, entered into an agreement with said banking association whereby the latter agreed to assign and transfer to plaintiff all its assets, and plaintiff agreed to liquidate such assets in order to pay the specified liabilities of the banking association and then pay any excess to a liquidating agent appointed by the banking association's stockholders; that said agreement authorized action to be taken to enforce the statutory liability of the stockholders for an amount sufficient to meet any deficiency in assets required to pay the banking association's liabilities if the amount realized from the assigned assets were insufficient for that purpose; that said agreement was duly ratified by the stockholders who subsequently adopted a resolution to place the banking association in voluntary liquidation pursuant to sections 181 and 182 of title 12 of the United States Code (12 U.S.C.A. §§ 181, 182); that plaintiff proceeded to perform said agreement and pursuant thereto, after ascertaining the deficiency of assets required to pay the banking association's liabilities, made demand upon the stockholders thereof for the full amount of their statutory liability; that among those stockholders who failed to comply with said demand was the defendant herein; that thereupon plaintiff, suing for itself and on behalf of all other creditors of the said banking association, filed a bill of complaint in equity in the United States District Court for the Western District of South Carolina, for the purpose of enforcing the statutory liability of the stockholders thereof, and the said banking association, the liquidating agent appointed by its stockholders, and all delinquent stockholders, including the de-

fendant herein, were joined as defendants; that said bill of complaint and a writ of subpœna duly issued by said court were served upon the defendant herein in the city of New York, and after said defendant failed to appear or answer an order was made in said suit directing that the bill therein be taken pro confesso against said defendant and judgment in favor of plaintiff for the sum of $3,120.05 against said defendant was entered in said suit; that a special referee was duly appointed in said suit to take all testimony and evidence in said cause that might be offered and pursuant thereto a hearing was held, of which the defendant was given notice by mail; that the said referee filed his report in said suit wherein he found that all material facts set forth in the bill of complaint in said suit were true, that the total amount of the stockholders' liability collected at the date of said report was $74,035, that the deficiency in the assets of said banking association then amounted to $106,941.78, not considering the amount of $100,000 assessed against the stockholders for their statutory liability, and that the assessment on the stockholders for 100 per cent. of their statutory liability was necessary; that as a matter of law the said referee found that plaintiff should be authorized and directed to enforce the statutory liability of the defendant and the orders and judgments theretofore entered against him in said cause, either at law or in equity, in such court as has jurisdiction of said defendant, by such ancillary proceeding as might be proper; that thereafter, and on motion of plaintiff, the said court in said cause confirmed the report of the referee in all respects, which order further ordered, adjudged, and decreed that the plaintiff be authorized, empowered, and directed to enforce the payment and collection of its orders and judgment against the defendant by such proceeding ancillary or otherwise, either at law or in equity, in such court as has jurisdiction of the said defendant.

Upon the trial in the instant case plaintiff offered in evidence those portions of the record in the parent proceeding which substantiated the essential allegations of the present complaint in connection therewith. Defendant moved to dismiss the complaint upon the merits, and refrained from offering any proof upon the trial. The court withheld its final disposition in the matter pending consideration and determination of the motion so made.

Of the numerous reasons advanced by the defendant in support of the said motion, but one is deemed sufficiently plausible in its mere statement to warrant discussion here. It is urged that dismissal of the suit is required in that it appears that the judgment in the equity suit in the District Court of the United States for the Western District of South Carolina against the nonresident stockholders of the banking association is not binding upon the defendant herein because no valid service of process therein was made upon this defendant.

It is to be conceded that without personal service within the state of South Carolina, a valid personal judgment could not be entered against the defendant herein, a nonresident stockholder of the banking association (Pennoyer v. Neff, 95 U.S. 714, 24 L. Ed. 565), and no aid to plaintiff could be given here, in an ancillary suit, were reliance placed solely upon the judgment pro confesso rendered in the parent proceeding. But the complaint alleges, and the record substantiates, the existence of a decree entered in the primary suit which cannot be attacked for the same reason because its conclusiveness and binding effect in the determination made thereby depended not at all upon the service of process on the defendant. There is before this court, as part of the record, the decree of the South Carolina District Court made in the original proceeding which approved and confirmed in all respects the report of the special referee heretofore referred to and which was likewise submitted in evidence in the instant case. In the said report the referee found, inter alia, that all the stockholders of the banking association were individually responsible for all contracts, debts, and engagements of the said association, each to the amount of the stock therein at the par value thereof in addition to the amount invested in such stock, and that the assessment made for the full amount of such stock liability was necessary and proper. Defendant cannot escape the binding force and effect of this decree rendered in the parent action upon the ground that he was not served with process in said action, Hawkins v. Glenn, 131 U.S. 319, 9 S.Ct. 739, 33 L.Ed. 184; In re Newfoundland Syndicate (D.C.) 196 F. 443; Hamilton v. Simon (C.C.) 178 F. 130; Goss v. Carter (C.C.A.) 156 F. 746; Talbot J. Taylor & Co. v. Southern Pac. Co. (C.C.) 122 F. 147, and this court will take cognizance of the validity of that decree though it ignores the decree pro confesso.

The theory upon which an ascertainment of the necessity of an assessment upon stockholders, without notice to the stockholders, is held to be valid, is that the stockholder is vicariously represented by the corporation in such proceeding. In a suit to enforce the liability of a stockholder, it must be shown that such ascertainment was had, because the stockholder is not liable in every instance for the full amount of his stock at par value, but only for his pro rata part of the amount ascertained to be necessary to pay the debts of the corporation. The decree rendered in the parent action was sufficient for this purpose and it was unnecessary in this ancillary suit that the necessity and the amount of the assessment of the statutory liability be determined de novo. It must be held that this decree at least was prima facie evidence against the defendant in this suit, thus enabling plaintiff, properly relying on the parent proceeding, to make a prima facie case, and it was incumbent on defendant to contest the findings therein made, either because they were collusive or not in accordance with the facts. Defendant was not deprived of the right to prove personal defenses, if any there were, and as he failed to do so, recovery cannot be denied to the plaintiff upon the record presented. Judgment for plaintiff.

Settle judgment on notice.